**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Counsel for Plaintiff 1325 Atlantic Realty, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**1325 ATLANTIC REALTY LLC**                                    : Docket No. 22-cv-1047

                                        Plaintiff,              : **NOTICE OF REMOVAL**
                                                                  **TO FEDERAL COURT**

        - against -                                            :

**BROOKLYN HOSPITALITY GROUP LLC,**                            :
**LAZAR WALDMAN and SANDS CAPITAL LLC,**
                                                               :
                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446 and 1452 and Rule 9027 of the Federal

Rules of Bankruptcy Procedure, Plaintiff 1325 ATLANTIC REALTY, LLC ("1325 Atlantic"), by

and through his attorneys, **Levine & Associates, P.C.,** hereby gives notice of the removal to the

United States District Court for the Eastern District of New York, for referral to the United States

Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), of all claims and

causes of action asserted in an action pending in the Supreme Court of the State of New York,

County of Kings, under Index No. 524178/2021, entitled *1325 ATLANTIC REALTY, LLC, Plaintiff,*

*against BROOKLYN HOSPITALITY GROUP LLC., LAZER WALDMAN and SANDS CAPIRAL*

*LLC., Defendants* [the "State Court Action"].

In support of its Notice of Removal, Movant respectfully sets forth as follows:

## SYNOPSIS

1325 Atlantic commenced the State Court Action on September 23, 2021. The action seeks, *inter alia*, (i) a monetary judgment in the estimated amount of (a) $2,859,499.85 plus interest from August 31, 2021 for rent and (b) an insurance payment and $84,606,857.75 against Brooklyn Hospitality Group LLC. ("BHG"), as tenant, Lazer Waldman, as guarantor; (ii) a judgement of possession of, and an order ejecting BHG from, the real property located at 1325-1339 Atlantic Avenue, Brooklyn, New York (the "Property"); and (iii) cancelling (a) a mortgage on the Property (the "Mortgage") and (b) an assignment of rents, both issued by BHG to Defendant Sands Capital LLC ("Sands Capital") and recorded on February 23, 2021.

On November 8, 2021, BHG filed an answer and counterclaims in the State Court action. On November 29, 2021, BHG filed an amended answer with counterclaims. Although difficult to decipher, the counterclaims appear to seek, *inter alia*, (i) a partial or full deed to the Property, a determination of the "true value" of the Mortgage, and a cancellation of any money owed by BHG to 1325 Atlantic, (ii) the imposition of a constructive trust on fifty percent of the Property in favor of BHG, and (iii) a monetary judgment of $35,000,000 against 1325 Atlantic for improvements allegedly made by BHG to the Property. On November 9, 2021, BHG also filed a Notice of Pendency with respect to the Property.

On November 30, 2021, 1325 Atlantic filed a reply to BHG's counterclaims.

On December 10, 2021, Sands Capital filed an answer in the State Court Action, however did not assert any counterclaims. On December 30, 2021, Sands Capital filed an amended answer with counterclaims against 1325 Atlantic and a crossclaim against BHG. The counterclaims against 1325 Atlantic seek (i) a declaratory judgment that the Mortgage is valid and enforceable and grants Sands Capital rights in the Property superior to those of 1325 Atlantic, (ii) a declaratory judgment

that Sands Capital is entitled to commence a foreclosure action based on the Mortgage, and (iii) a monetary judgment against 1325 Atlantic in an unspecified amount for Sands Capital's costs, expense and attorneys' fees incurred in enforcing its purported rights under the loan documents in connection with the Mortgage. The latter also forms the basis of Sands Capital's crossclaim against BHG. On January 10, 2022, 1325 Atlantic filed a reply to the counterclaims asserted by Sands Capital. As of the date of this Notice of Removal, BHG has not replied to the crossclaims asserted against it by Sands Capital.

On February 16, 2022, 1325 Atlantic ("the Debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York, case number 22-40277 and an order for relief was entered on the same day.

## BASIS FOR REMOVAL

1. The claims in the State Court Action are removable to the District Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Bankruptcy Rules.

2. The District Court has jurisdiction over the claims in the State Court Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they arise in and/or are related to a Chapter 11 bankruptcy case pending in the Bankruptcy Court, captioned *In re 1325 Atlantic Realty, LLC, Debtor* (Case No. 22-40277). The claims and causes of action in the State Court Action represent a direct claim on the Debtor's property and necessarily impacts the Chapter 11 case of the Debtor.

3. Removal is timely here because Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[i]f the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed … 90 days after the order for relief in the case under the Code …" Here, the order for relief was issued on February 16, 2022. Thus, the instant removal petition, being filed on February 27, 2022, is timely.

4.  The claims and causes of action in the State Court Action can be heard and determined in the Bankruptcy Court on reference from the District Court pursuant to 28 U.S.C. § 157(a) and the June 23, 2011 Standing Order of Reference issued by the District Court for the Eastern District of New York (Carol Bagley Amon, Chief Judge) because the State Court Action arises in and/or is related to 1325 Atlantic's Chapter 11 case and the Bankruptcy Court derives its jurisdiction from the District Court.

5.  Removal of the claims in the State Action and referral to the Bankruptcy Court best facilitates the efficiency and timely administering the affairs and assets through the Chapter 11 case.

6.  Upon removal, the claims asserted in the State Court Action are core proceedings within the meaning of 28 U.S.C. § 157(b)(2) because they concern the administration of the Debtor's Chapter 11 case, including but not limited to, the disposition of its property.

7.  In the event that any of the claims in the State Court Action are determined to be non-core, Debtor, as the removing Defendant in the State Court Action, consents to the entry of a final order or judgment by the Bankruptcy Court.

8.  Pursuant to the requirements of Rule 9027, a copy of the Summons and Complaint filed in the State Court Action is attached hereto as Exhibit "1".

9.  In accordance with Rule 9027, Movants will serve and file copy of this Notice of Removal on all parties to the State Court Action, as well as the Clerk of the Supreme Court of the State of New York, Kings County, and the Clerk of the Bankruptcy Court.

**NOW THEREFORE**, the parties to the State Court Action are **HEREBY NOTIFIED** pursuant to Rule 9027(c), that:

A. Removal of all claims and causes of action in the State Court Action was effected upon the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Kings County.

B. The claims and causes of action in the State Court Action are removed from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York and, pursuant to 28 U.S.C. § 1452(a) and the Standing Order of Referral, are referred to the United States Bankruptcy Court for the Eastern District of New York for hearing and determination in connection with the Debtor's pending Chapter 11 case, captioned *In re 1325 Atlantic, Debtor* (Case No. 22-40277).

C. The parties to the State Court Action shall proceed no further in the Supreme Court of the State of New York, Kings County, unless and until the action is remanded by the Bankruptcy Court.

Dated: February 27, 2022
Edgemont, New York

LEVINE & ASSOCIATES, P.C.

By: ___s/*Michael Levine*___
      Michael Levine
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-4288
Facsimile (914) 725-4778
e-mail: ml@LevLaw.org
*Attorneys for Defendant*
*1325 Atlantic Realty, LLC*

# EXHIBIT 1

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY KINGS

-------------------------------------------------------------------------x

1325 ATLANTIC REALTY LLC,                                    Index No.

                   Plaintiff,                        Date Filed:

    - against -

BROOKLYN HOSPITALITY GROUP LLC;               **SUMMONS**
LAZAR WALDMAN; and SANDS CAPITAL LLC,

                  Defendants.

-------------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANTS:**

     YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's attorney an answer to the Complaint in this action, within twenty (20) days after the service of this Summons, exclusive of the date of service, or within thirty (30) days after service is complete if the summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     Plaintiff designates Kings County as the place of trial. The basis for the venue is that the situs of the real property subject to this action lies in Kings County.

Dated:   Cedarhurst, New York
         September 20, 2021

                 JACOBOWITZ NEWMAN TVERSKY LLP
                 *Attorneys for Plaintiff*

                 By:   /s/ Evan M. Newman
                     Aviva Francis
                     Evan M. Newman
                 377 Pearsall Avenue, Suite C
                 Cedarhurst, New York 11516
                 Tel: (516) 545-0343
                 Fax: (212) 671-1883
                 Email: enewman@jntllp.com

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 524178/2021
RECEIVED NYSCEF: 09/23/2021

Exh. 2

## NOTICE TO DEFENDANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS COMPLAINT.

PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY,

PLEASE VISIT

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

OR

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

Exh. 3

AVISO A DEMANDADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS,

ES POSIBLE QUE USTED TENGA DERECHO POR LEY

A TOMAR DÍAS O SEMANAS ADICIONALES

PARA PRESENTAR UNA RESPUESTA

A ESTA PETICIÓN

POR FAVOR CONTACTE A SU ABOGADO PARA MAS
INFORMACIÓN.

SI USTED NO TIENE UN ABOGADO,

VISITE

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

O

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY KINGS

----------------------------------------------------------------------x

1325 ATLANTIC REALTY LLC,                                          Index No.

                                    Plaintiff,

          - against -
                                                                  **VERIFIED COMPLAINT**

BROOKLYN HOSPITALITY GROUP LLC;
LAZAR WALDMAN; and SANDS CAPITAL LLC,

                                    Defendants.

----------------------------------------------------------------------x

Plaintiff 1325 ATLANTIC REALTY LLC ("Plaintiff" or "Landlord"), by its attorneys

Jacobowitz Newman Tversky LLP, for its verified complaint against defendants, alleges as follows:

1.    This is an action relating to the Defendants' failure to adhere to a commercial lease

by failing to pay the amounts due, allowing the property to be encumbered by numerous

mechanic's liens, failing to pay real estate taxes and failing to comply with insurance obligations

set forth in the Lease exposing the Landlord to substantial liability.

## Parties

2.    Plaintiff is a New York limited liability company and is the owner in fee of the

property known as 1325-1339 Atlantic Avenue, Brooklyn, New York, Block 1868, Lots 77 & 80

(the "Property").

3.    Upon information and belief, Defendant Brooklyn Hospitality Group LLC (the

"Tenant") is a New York limited liability company with its principal place of business in New

York.

4.    Upon information and belief, Defendant Lazar Waldman is a resident of the state

of New York and is named a defendant in this action as a guarantor.

5.    Upon information and believe defendant Sands Capital LLC, is a a foreign limited

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

liability company that is registered to do business in the state of New York.

### Background Facts

6.    On or around August 4, 2017 the Landlord's predecessor, 1325 Atlantic LLC and the Tenant entered into a written lease relating to the Property, whereby the Tenant leased the Property and was obligated to pay monthly rent as set forth in Schedule B of the Lease and additional rent as defined in the Lease from the Commencement Date and continuously for 49 years thereafter.

7.    Pursuant to the Lease, the Tenant agreed to perform certain construction work on the Property to conform the space into a hotel free and clear of all liens.

8.    The Lease was modified by a First Amendment to the Lease dated April 1, 2019 (the "Amendment" (the lease together with the Amendment shall be referred to as the "Lease"). The Amendment acknowledged the Landlord as assignee of the original landlord in relation to the Property and the Lease.

9.    As part of the modification to the Lease, the original guarantor, Lazar Kleinberger, was released of all obligation and Lazar Waldman ("Guarantor") agreed to guarantee the Tenant's obligation under the Lease. Accordingly, on April 1, 2019 the Guarantor executed a personal guarantor in favor of the Landlord.

10.    In addition, the amendment allowed for a discount in rent for a twenty four month period ("Partial Discount") from the date of the Amendment if Tenant completed the "Initial Construction" as defined in the Lease "diligently…without interruptions.". If the Tenant was entitled to the Partial Discount, the Amendment provided that the total discount allowed would then be repaid the sooner of (1) March 31, 2024 or (2) termination of the Lease.

11.    A Partial Discount was given to the tenant (from $101,631.25 to $25,000.00) to

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 524178/2021
RECEIVED NYSCEF: 09/23/2021

assist the Tenant pay for insurance, property tax, and construction workers, however as set forth below, the Tenant failed to utilize the funds as agreed upon.

12.    Further the Amendment provides that any nonperformance for four (4) or more consecutive months shall automatically be deemed an interruption.

13.    Although the Tenant commenced the construction work on the Property and initially made rental payments in accordance with the Lease, the Tenant defaulted in numerous respects:

14.    First, the Tenant failed to make any rent payments since February 1, 2021.

15.    Second, for several months the Property has been deemed abandoned and there has been no constructions work at all.

16.    Third, over the last year and a half, there were at least fifteen (15) mechanic's liens filed against the Property relating to the Tenant's construction work totaling approximately $2,000,000.

17.    Further, Tenant obtained a leasehold mortgage for $6,400,000 from Defendant Sands Capital, who filed a lien on the Property and without providing notice to the Landlord.

18.    As set forth below, Sands Capital's mortgage is subordinate to the Landlord's rights

19.    Fourth, despite demand, the Tenant has failed to provide the Landlord with proof of its compliance with the insurance obligations set forth in Articles 6, 7 and 13 of the Lease and Article 7 of the Amendment and Schedule B-1 and B-2 of the Amendment.

20.    Specifically, the Tenant is required to (a) maintain workers compensation insurance, (b) liability coverage (naming the Landlord as additional insured); and (c) builders risk insurance for the completed value of the building.

21.    The Tenant is further obligated to provide the Landlord with a true copy of the

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

insurance policies relating to the Property which list the Landlord as an additional insured.

22.    Fifth, the Tenant's insurance lapsed and the Tenant did not notify the Landlord in breach of the Lease.

23.    Without insurance, the Landlord was forced to obtain its own policy, despite the Lease obliging the Tenant to maintain insurance naming the Landlord as an additional insured.

24.    Sixth, despite demand, the Tenant failed to provide the Landlord the proof of the insurance and the policies relating to the construction at the Property as set forth in Article 37.03 of the Lease.

25.    Seventh, despite demand, the Tenant has failed to pay or provide proof of payment of real estate taxes for the Property as required under Article of the Lease.

26.    Worse, the City's records indicate that the real estate taxes have not been paid since 2019 and there is a past due balance in the amount of $553,815 plus interest accruing daily.

27.    In addition to the unpaid rent and damages outlined above, because the Tenant failed to diligently pursue the Initial Construction, failed to pay the expenses including insurance as defined in the Lease, and failing to pay the reduced rent, the Partial Discount is due and payable.

28.    By Letter dated July 28, 2021, the Landlord notified the Tenant of the aforementioned defaults and provided an opportunity to cure said defaults.

29.    In addition, on July 28, 2021, the Landlord provided the Tenant with a covid hardship declaration form to the extent said form is applicable to the Tenant.

30.    The Tenant failed to respond to the Landlord's correspondence.

31.    Accordingly, the Landlord sent the Tenant a termination letter on August 17, 2021 seeking to terminate the Lease as of August 31, 2021, in accordance with Article 26 of the Lease.

32.    The termination notice demanded possession of the Property from the Tenant and

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

payment of the outstanding rent.

33.     Although the Landlord has not accessed the Property, it appears that the Tenant has abandoned the Property and has not accessed it in months.

34.     Pursuant to the terms of the Lease, the Landlord has the right to, and has elected to, terminate the Lease because of the Tenants numerous defaults.

35.     Pursuant to the Lease, upon termination, the Landlord has the right to take possession of the Property.

36.     Pursuant to the Lease the Landlord is also entitled to claw back the Partial Discount given to the Tenant and seek a judgment for the past due rent and Partial Discount up to and including the Termination Date.

37.     In addition, pursuant to Article 31.1 of the Lease, the Landlord reserves its right to seek a judgment against the Tenant and Guarantor for the cost to complete the construction.

38.     Pursuant to the Lease, the Landlord is also entitled to the unpaid rent for the remainder of the original Lease term, less any payments the Landlord received.

39.     The Landlord has not received any rental payments from a new tenant and has not been able to relet the Property until the Tenant agrees to vacate or upon order of a court.

### FIRST CAUSE OF ACTION
### (Breach of Contract for Money Damages against the Tenant and Guarantor)

40.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

41.     The Lease constitutes an agreement between the Landlord and the Tenant.

42.     Pursuant to the terms of the Lease, the Tenant was obligated to make certain rental payments, complete the construction work specified in the Lease, maintain insurance, pay real estate taxes and protect the Property from encumbrances.

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

43.     The Landlord has performed all of its obligations under the Lease.

44.     As set forth above, the Tenant breached the Lease in numerous respects as follows: (1) the Tenant failed to make any rental payments since February 1, 2021; (2) the Tenant failed to perform and complete the construction work; (3) the Tenant failed to maintain insurance; (4) the Tenant failed to pay real estate taxes (5) the Tenant allowed the Property to be encumbered by numerous mechanic's liens and even a mortgage all without notifying the Landlord and in violation of the Lease.

45.     As a result of the Tenants' numerous breaches, the Landlord is entitled to the following damages:

(1) A judgment for the past due rent, late fees and the Partial Discount through August 31, 2021, the termination date, in the amount of $2,746,499.85;

(2) A Judgment for the rent for the unexpired portion of the Lease in the amount of $84,606,857.75, less any monies that may be collected by the Landlord;

(3) A Judgment relating to the insurance the Landlord was obligated to pay in the amount of at least $113,000 plus penalty interest at the rate of 24% from September 3, 2021.

46.     In addition to the foregoing, the Lease provides that the Landlord is entitled to attorneys' fees in any action seeking to enforce the Lease.

47.     Based on the foregoing, the Landlord is entitled to a judgment against the Tenant and Guarantor, jointly and severally in the amount of at least $2,859,499.85 plus interest for rent and the insurance payment and $84,606,857.75 for the rent for the unexpired term.

## SECOND CAUSE OF ACTION
### (Ejectment/Possession)

48.     Plaintiff repeats and realleges each of the allegations set forth above as if fully set

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM    INDEX NO. 524178/2021

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/23/2021

forth herein.

49.    As set forth above, as a result of the Defendants' numerous breaches and failure to cure such breaches, the Landlord terminated the lease as of August 31, 2021.

50.    The Lease at article 26.02(b) provides that upon termination, the Landlord may reenter the Property and repossess the Premises and dispossess the Tenant from the Premises and remove any of its property.

51.    The Lease further provides at article 26.03 that, upon termination of the Lease, the "Landlord shall be entitled to possession of the Premises free from any estate or interest of Tenant."

52.    Accordingly, based on the termination of the Lease, the Landlord is entitled to full and immediate possession of the Property and the fixtures remaining in the Property.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

53.    Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

54.    The Tenant had the benefit of the Property and failed to pay any rent since February 1, 2021. Further Plaintiff paid at least $113,000 for insurance for the Property

55.    If the Tenant does not compensate the Landlord occupying the Property without payment rent and for paying for insurance, the tenant will be unjustly enriched.

56.    Plaintiff is entitled to judgment against the Tenant, which is believed to be in the amount of at least $2,746,499.85 for the past due rent and $113,000 for the insurance costs incurred plus interest.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment - Quiet Title RPAPL ARTICLE 15 *et seq.*)

57.    Plaintiff repeats and realleges each of the allegations set forth above as if fully set

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM    INDEX NO. 524178/2021
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/23/2021

forth herein.

58.     This claim seeks to cancel a mortgage encumbering the Property.

59.     Specifically, on January 27, 2021, without the consent of the Landlord, the Tenant executed a Leasehold Mortgage in favor or Sands Capital LLC (the "Lender") in the principal amount of $6,400,000.

60.     The Leasehold Mortgage was recorded on February 23, 2021 under CRFN2021000064745 (the "Mortgage").

61.     In addition to the Mortgage, the Tenant also executed an assignment of leases and rents in favor of the Lender (the "ALR"). The ALR was recorded on February 23, 2021 under CRFN2021000064746.

62.     The Tenant also permitted the Lender to record a UCC against the Property on February 23, 2021 under CRFN2021000064747. Collectively, the Mortgage, ALR and UCC shall be referred to as the "Loan."

63.     Prior to the signing and recording of the Loan, the Landlord recorded a Memorandum of Lease on December 30, 2020 under CRFN2020000372252 which put the Lender on notice of the Lease.

64.     The Lease provided that any Leasehold Mortgage be subject to the Landlord's rights under the Lease and that the Tenant immediately notify the Landlord upon obtaining any financing or encumbering the Property.

65.     The Tenant failed to notify the Landlord of the Loan.

66.     Further, the Lease provides at article 26, that upon termination, the Landlord is entitled to the Property free and clear of any interest or liens and that the Landlord is entitled to the Tenant's fixtures and possessions.

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM

NYSCEF DOC. NO. 1

INDEX NO. 524178/2021

RECEIVED NYSCEF: 09/23/2021

67.     Accordingly, the Loan should not attach to the Property and should be cancelled of record.

68.     At the very least, the Loan should be subordinate to, and subject to, the Landlord's rights.

69.     All the Defendants are known and that none are infants, mentally retarded, mentally ill or alcoholic abusers.

70.     Any judgment granted herein will not affect any person or persons not in, being or ascertained at the commencement of this action, who, by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the aforesaid premises, and that every person and being who would have been entitled to such an estate or interest, and if such even had happened immediately before the commencement of this action is names as a party hereto.

71.     Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that judgment be granted against Defendants as follows:

a)   That Plaintiff be entitled to a judgment against the Tenant and Guarantor, jointly and severally in an amount estimated to exceed $2,859,499.85 plus interest from August 31, 2021 for rent and the insurance payment and $84,606,857.75 for the rent for the unexpired term plus interest on its First and/or Third cause of action;

b)   That Plaintiff be entitled to a judgment of possession of the Property on its second cause of action;

FILED: KINGS COUNTY CLERK 09/23/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 524178/2021
RECEIVED NYSCEF: 09/23/2021

c)  That on its fourth cause of action, it be adjudged and finally determined that the Mortgage and ALR by the Tenant in favor of the Lender be deemed cancelled and void as against the Property;

d)  for attorneys' fees, costs, prejudgment interest, disbursements and allowances; and

e)  that Plaintiff have such other and further relief as the court deems just and proper.

Dated: Cedarhurst, New York
      September 20, 2021

JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for Plaintiff*

By: /s/ *Evan M. Newman*
        Evan M. Newman, Esq.
        Aviva Francis
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343
enewman@jntllp.com

Case 1:22-cv-01047-RPK-VMS    Document 1    Filed 02/27/22    Page 20 of 20 PageID #: 20

**VERIFICATION**

STATE OF   New York   )
                      :ss:
COUNTY OF  Kings      )

   STEVEN GREEN  , who does not swear for religious reasons, hereby affirms the truth of the following:

   1.  That I am a member and authorized signatory of the plaintiff in the above captioned matter and am fully familiar with the facts and circumstances of this action.

   2.  That I have read the foregoing verified complaint and know the contents thereof.

   3.  That the same is true of my own knowledge, except as to those matters alleged upon information and belief. As to those matters stated to be alleged upon information and belief, I believe them to be true, based upon official court papers, conversations with my attorney and others and independent investigations.

                STEVEN GREEN

Affirmed to before me this
20 day of September, 2021

Notary Public

NYASIA L HOPES
Notary Public - State of New York
NO. 01H06419760
Qualified in Bronx County
My Commission Expires Jul 19, 2025

**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Counsel for Plaintiff 1325 Atlantic Realty, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **1325 ATLANTIC REALTY LLC** | **: Docket No. 22-cv-1047** |
| **Plaintiff,** | **: RULE 7.1** |
| | **DISCLOSURE STATEMENT** |
| - against - | **:** |
| **BROOKLYN HOSPITALITY GROUP LLC,** | **:** |
| **LAZAR WALDMAN and SANDS CAPITAL LLC,** | |
| | **:** |
| **Defendants.** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, 1325 Atlantic Realty LLC, by and through its attorneys, Levine & Associates, P.C., as and for its disclosure statement pursuant to Rule 7.1 of the  Federal Rules of Civil Procedure, certified as follows:

Green 20 LLC is a privately held company that is the 100% member of Plaintiff 1325 Atlantic Realty LLC.  There is no publicly held corporation owning a 10% or more membership interest in Plaintiff 1325 Atlantic Realty LLC.

Dated: Edgemont, New York
February 27, 2022

LEVINE & ASSOCIATES, P.C.

By:  s/*Michael Levine*
Michael Levine
15 Barclay Road
Scarsdale, New York 10583-2707
Telephone (914) 600-4288
Fax (914) 725-4778
e-mail: ml@LevLaw.org
*Attorneys for Plaintiff*

**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Counsel for Plaintiff 1325 Atlantic Realty, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **1325 ATLANTIC REALTY LLC** | : **Docket No. 22-cv-1047** |
| **Plaintiff,** | : **RULE 7.1** |
| | **DISCLOSURE STATEMENT** |
| - against - | : |
| **BROOKLYN HOSPITALITY GROUP LLC,** | : |
| **LAZAR WALDMAN and SANDS CAPITAL LLC,** | |
| | : |
| **Defendants.** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, 1325 Atlantic Realty LLC, by and through its attorneys, Levine & Associates, P.C., as and for its disclosure statement pursuant to Rule 7.1 of the  Federal Rules of Civil Procedure, certified as follows:

Green 20 LLC is a privately held company that is the 100% member of Plaintiff 1325 Atlantic Realty LLC.  There is no publicly held corporation owning a 10% or more membership interest in Plaintiff 1325 Atlantic Realty LLC.

Dated: Edgemont, New York
        February 27, 2022

LEVINE & ASSOCIATES, P.C.

By:  s/*Michael Levine*
        Michael Levine
15 Barclay Road
Scarsdale, New York 10583-2707
Telephone (914) 600-4288
Fax (914) 725-4778
e-mail: ml@LevLaw.org
*Attorneys for Plaintiff*

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
1325 Atlantic Realty LLC

### DEFENDANTS
Brooklyn Hospitality Group LLC, Lazar Waldman, Sands Capital Inc.

**(b)** County of Residence of First Listed Plaintiff    Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Kings
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Levine & Associates, P.C., 15 Barclay Road, Scarsdale, NY 10583, 914-600-4288

Attorneys *(If Known)*
(1) Law Offices of Lawrence R. Kulak, 1450 37th Street, Fl 2, Brooklyn, NY 11218, 718-290-5536; (2) Berger Flnk LLP, 315 Greenwich St, New York, NY 10013

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

Does this action involve a motion for temporary restraining order or order to show cause? Yes ☐  No ☒

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 157, 1441, 1446 and 1452; Fedseral REules of Bankruptcy Procedure 9027

Brief description of cause:
Money damages for rent and removal of mortgage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$84,606,857.75

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE    Unassigned

DOCKET NUMBER    22-1034

DATE
February 27, 2022

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☐     the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Green 20 LLC - Private company - 100% Member

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court." Related case: 22-cv-1034.

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☒ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☒ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☒ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☒ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒ Yes      ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain      ☒ No

I certify the accuracy of all information provided above.

**Signature:** _____

Last Modified: 11/27/2017

# UNITED STATES DISTRICT COURT

**FOR THE**

## EASTERN DISTRICT OF NEW YORK

**Brenna Mahoney**
Clerk of Court

**August Marziliano**
Chief Deputy

**Michael Kramer**
Chief Deputy



**Theodore Roosevelt Federal Courthouse**
**Emanuel Cellar Federal Courthouse**
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2270

**Alfonse D'Amato  Federal Courthouse**
100 Federal Plaza
Central Islip, NY 11722
(631) 712-6030

## NOTICE

In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that ***if*** all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. You may consent to the magistrate judge who has been assigned to this case or to a new magistrate judge selected at random. Attached is a **blank** copy of the consent form that should be signed and filed electronically **only if** all parties wish to consent **and it is signed by all parties**. A consent form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf

**You may withhold your consent without adverse substantive consequences.**

**Do NOT return or file the consent _unless_ all parties have signed the consent.**

AO 85 (Rev. GF P [ ": 5 14234+Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.   You may consent to the magistrate judge assigned to this case or to a new magistrate judge selected at random.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*.  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.
Select one:   The parties consent to ___ the magistrate judge who is assigned to this case
                     ___ a new magistrate judge selected at random.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

In order for the Consent to be valid, all parties must sign this form and agree to the selection of the magistrate judge.
### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:   _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:""" F q 'pqv'tgwtp 'vj g 'hqto  'vq 'vj g 'Engtmï qh 'Eqwtv'qt 'hkg 'kv'qp 'GEH 'wpnguu 'cnr 'ctvkgu 'j cxg 'consentgf  to the exercise of jurisdiction by a United States Magistrate Judge.  Do not return this form to a Judge.

# UNITED STATES COURTS
## EASTERN DISTRICT OF NEW YORK
## QUALITY CONTROL CHECK
### ATTORNEY CASE OPENINGS

| Corrections | | |
|---|---|---|
| **Were Corrections made to this ACO case?**  ☑ Yes  ☐ No | | |
| 1 | Attorney did not complete the initiating documents. Checked on http://www.nyed.circ2.dcn/cfm/ecf/atyopencase.cfm to determine who the attorney was that attempted to file the case and contacted that attorney in order to retrieve Complaint, Cover Sheet, Summons, and payment information or to advise the attorney to file the initiating documents. | ☐ |
| 2 | Court Designation was incorrect. Copied case, changed Court designation, deleted incorrect case and advised other Court. This is in conjunction with Paragraph 10-NY-E Division of Business Rule 50.1(d)(2) | ☐ |
| 3 | Attorney did not separate the initiating document. Separated document into individual attachments. Replaced Main document and attached the cover sheet and Summons (if applicable). | ☐ |
| 4 | Attorney did not include  ☐ Complaint  ☑ Cover Sheet  ☐ Summons  Contacted attorney and retrieved missing document from attorney.  ☐ | ☑ |
| 5 | Attorney used  ☐ Incorrect Form of Summons  ☐ Defendant's name and address not completed  ☐ Plaintiff's attorney name and address not completed.  ☐ Caption on the summons does not match caption on the complaint.  ☐ Incorrect Date.  ☐ Incorrect Case Number  Contacted attorney and requested a corrected summons. | ☐ |
| 6 | Attorney used incorrect event when docketing the initiating document. Deleted document and re-docketed using the correct event. | ☐ |
| 7 | ☐ Corrected Party Role  ☐ Party spelling  ☐ Added missing Party  ☐ Converted from All Caps to Initial Caps  ☐ Added party text  ☐ Removed party text  ☐ Added alias | ☐ |
| 8 | Corrected Short Title | ☐ |
| 9 | Corrected  ☐ Basis of Jurisdiction  ☐ Citizenship of Principal Parties  ☐ Nature of Suit  ☐ Cause of Action  ☐ Fee Status  ☐ County Code  ☐ Dollar Demand  ☐ Jury Demand  ☐ Class Action  ☐ Origin | ☐ |
| 10 | NY-E Division of Business Rule 50.1(d)(2) was not completed. Contacted attorney and retrieved corrected cover sheet and replaced on docket sheet. | ☐ |
| 11 | Added case in other court to docket sheet. | ☐ |
| 12 | Added/Corrected Disclosure Statement question and response in docket entry | ☐ |
| 13 | Page 1, Question 1(b) Plaintiff's county of residence was not indicated | ☐ |
| 14 | Page 2, Question 2(c) was not completed or is inconsistent | ☐ |
| 15 | Certification of Arbitration Eligibility not completed | ☐ |
| Other | | ☐ |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------

                                                    **INITIAL SCHEDULING ORDER**


                        Plaintiff(s),

                                                        Civ.          (      ) (VMS)
    -against-



                        Defendant(s).
-----------------------------------------------------

It is hereby **ORDERED** as follows:

1)      Defendant(s) shall answer or otherwise move with respect to the complaint by

        _____.

2)      Initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure

        must be completed by_____, if not yet completed.  The disclosures should

        include as detailed a calculation of damages as possible and authorizations for

        release of medical and other relevant records.

3)      Initial document requests and interrogatories will be served no later than _____.

        If the parties intend to issue interrogatories, they will serve no more than _____.

        interrogatories. The parties are informed that the presumptive cap on the number of

        interrogatories is 25, including subparts.

4)      Any joinder and/or amendments of the pleadings must be made by _____.

        By this date, the parties must either stipulate to the joinder and/or amendments of the

        pleadings or commence motion practice for leave to join and/or amend in accordance

        with the Individual Rules of the District Judge assigned to this case.

5)  If the parties expect to engage in electronic discovery, they will submit a proposed plan

to the Court by _____.

6)  Fact discovery closes_____.

*Note: Treating physicians who may be called as fact witnesses should generally
provide their reports or summaries and be deposed during fact discovery.
Non-party fact discovery shall be completed by this date as well.*

7)  As to expert disclosures,

a)  The names, qualifications and area(s) of expertise of initial experts shall be

served on or before_____.

b)  Initial expert witness reports shall be served on or before_____.

c)  Rebuttal expert witness reports shall be served on or before_____.

8)  All discovery, including any depositions of experts, shall be completed on or before

_____.

9)  On or before_____, the parties must file on ECF a joint letter to the

magistrate judge confirming that discovery is concluded.

10) Any dispositive motion practice must be commenced by_____.

*Note: Parties must consult the Individual Rules of the District Judge assigned to this
case to determine, inter alia, if a pre-motion conference letter is required before a
dispositive motion is filed, whether a Local Rule 56.1 statement must first be submitted
with the pre-motion conference letter or motion, and whether such a motion should
only be filed when fully briefed.*

11) A proposed joint pre-trial order must be filed by _____.

12) Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?

a)  Yes _____

b)  No _____ (*Do **NOT** indicate which party has decline to consent*)

*If yes, fill out the AO 85 (Rev. 01/09) Notice, Consent, and Reference of a
Civil Action to a Magistrate Judge Form and file it on ECF. See
http://www.uscourts.gov/FormsAndFees/Forms/CourtFormsByCategory.aspx*

13) A discovery conference is set for _____ at _____ in person / by telephone. (*The Court will schedule this date*).  The parties are to connect to the conference by calling (877) 336-1829 with the access code 3581283.

14) A joint discovery status letter must be filed on ECF by _____ in preparation for the discovery conference.  (*The Court will schedule this date*).

15) A final pre-trial conference is set for_____. (*The Court will schedule this date*).

16) The parties may wish to engage in settlement discussions. To facilitate this process, Plaintiff(s) agree(s) to make a demand on or before_____, and Defendant(s) agree(s) to respond to the demand on or before_____.

17) Counsel request a referral to the Court's ADR program?  Yes _____  No _____.

18) Any additional matters:

**This scheduling order may be altered or amended only upon a showing of good cause based on circumstances not foreseeable as of the date hereof.**

Dated: Brooklyn, New York

_____, 20_____

_____
VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
### ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH*■
KATHARINE FINCH +
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ
MICHELLE A. McLEOD*

J. TED DONOVAN
DORAN I. GOLUBTCHIK
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN +
BRIAN A. KOHN
BRIAN W. KEMPER
JOHN P. HOGAN
ZACHERY D. KUPERMAN*
NEIL I. ALBSTEIN*
GIDON SHAMIR
JARED STEINBERG*

**22ND FLOOR**
**1501 BROADWAY**
**NEW YORK, N. Y. 10036**
**(212) 221-5700**
**TELECOPIER (212) 730-4518**

———

ROBERT KANDEL
BENJAMIN C. KIRSCHENBAUM
(OF COUNSEL)

———

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)

———

\* ALSO MEMBER OF NEW JERSEY BAR
■ ALSO MEMBER OF MASSACHUSETTS BAR
+ ALSO ADMITTED IN CONNECTICUT
^ ALSO MEMBER OF FLORIDA & WASHINGTON DC
* ADMITTED IN OHIO AND PENNSYLVANIA ONLY

J. Ted Donovan, Esq.
Direct phone: (212) 301-6943
Facsimile: (212) 221-6532
TDonovan@GWFGLaw.com

March 29, 2022

*__Via ECF__*

Hon. Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC et al.
        Case No. 22-cv-01047 (RPK)

Dear Judge Kovner:

I write on behalf of my clients, Brooklyn Hospitality Group LLC and Lazar Waldman to request a consensual one week extension of the deadline for all of the Defendants to respond to the Notice of Removal filed by Plaintiff 1325 Atlantic Realty LLC from April 1, 2022 to April 8, 2022. I am joined in this request by Michael Sucher, Esq., counsel for Defendant Sands Capital LLC. This first extension of the deadline set by the Court's March 9, 2022 Scheduling Order has been consented to by bankruptcy counsel for the Plaintiff, Tracy Klestadt, Esq.

Respectfully yours,

/s/ J. Ted Donovan, Esq.

cc:     Tracy Klestadt, Esq. (via email)
        Michael Levine, Esq. (via ECF and email)
        Michael Sucher, Esq. (via email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
1325 ATLANTIC REALTY LLC,                    Case No.
                                             22-CV-01047-RPK-VMS
                    Plaintiff,
        - against —

BROOKLYN HOSPITALITY GROUP LLC,
LAZAR WALDMAN and
SANDS CAPITAL LLC

                    Defendants.
-----------------------------------X

**NOTICE OF APPEARANCE and
DEMAND FOR SERVICE OF PAPERS**

      PLEASE TAKE NOTICE that the undersigned hereby appears

as attorney for Defendant, SANDS CAPITAL LLC in the above-

captioned proceeding, and demands that all papers be

forwarded to him at his office address listed below.

Dated: Brooklyn, New York
       March 30, 2022

                              s/ *Michael T. Sucher, Esq.*
                              _____
                              MICHAEL T. SUCHER, ESQ.
                              *Attorney for Defendant*
                              SANDS CAPITAL LLC
                              26 Court Street, Suite 2412
                              Brooklyn, New York 11242
                              Tel: (718) 522-1995
                              Cell: (718) 753-5010
                              e-mail: nylawyer@aol.com

# MICHAEL T. SUCHER
### ATTORNEY AT LAW

26 COURT STREET SUITE 2412
BROOKLYN, NEW YORK 11242
(718) 522-1995
CELL: (718) 753-5010
--------
EMAIL: NYLAWYER@AOL.COM
MEMBER OF THE BAR
NEW YORK - FLORIDA

By: ECF

April 8, 2022

Hon. Rachel P. Kovner
U.S. District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: 1325 Atlantic Realty LLC v.
> Brooklyn Hospitality Group LLC, et al.
> <u>Case No. 22-cv-01047-RPK-VMS</u>

Your Honor:

We represent Sands Capital LLC, a Defendant in the referenced removed case. Respectfully, we object to removal, and submit that this Court should abstain and remand mandatorily, pursuant to 28 U.S.C. §1334(c)(2), or as a proper exercise of discretion pursuant to 28 U.S.C. §1334(c)(1) or §1452(b).

The complaint filed in State Court by the Debtor, pre-petition, asserts four causes of action, all sounding in state law. The Amended Answer, filed by Debtor's tenant and guarantor, asserts three counterclaims, all sounding in state law as well. The Amended Answer filed by Sands Capital LLC, as tenant's lender and holder of a leasehold mortgage and perfected fixture filings, asserts two counterclaims and a combined counterclaim and crossclaim, likewise, all sounding in state law.

Respectfully, all claims, counterclaims and crossclaims, asserted as aforesaid, are not "core" bankruptcy proceedings, i.e., are merely "related to" the Plaintiff's pending Chapter 11 bankruptcy proceeding, and do not "arise under" or "arise in" that proceeding. "That is because these claims are not derived from title 11 and would exist absent the bankruptcy proceedings." <u>Geltzer v. Riverbay Corp</u>., 2019 U.S. Dist. LEXIS 29568 (SDNY, 2019). Courts have read "related to" jurisdiction as broad but not boundless. "[R]elated-to jurisdiction cannot be limitless". <u>Id</u>.

District courts must abstain from hearing any case related to a case under title 11 with respect to which an action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. §1334(c)(2) if all of the following conditions are met:

Hon. Rachel P. Kovner          – 2 –          April 8, 2022
U.S. District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

     (1) [T]he motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be "timely adjudicated" in state court. Goldman v. Grand Living II, LLC, 2021 U.S. Dist. LEXIS 168263 (EDNY, 2021).

     As it appears that the first five factors are conspicuously met here, we focus on timeliness. In Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 580 (2nd Cir. 2011), the court noted that: Four factors come into play in evaluating §1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

     We have no immediately available evidence as to the respective backlog in either court, but note that "[w]hen challenged, the party seeking removal bears the burden of establishing federal jurisdiction." Marlin Bus. Bank v. Halland Cos., LLC, 18 F. Supp. 3d 239, 240 (EDNY, 2014).

     As to complexity, we note that the State Law issues in this case, i.e., commercial landlord tenant law; the law of trade fixtures;[1] and interests in real property under RPAPL Article 15, are more often litigated in State Courts than in Federal fora — though, fairly, equitable considerations, and the nature and priority of security interests, are litigated in both courts.

---

[1]    The law of trade fixtures in New York is particularly pertinent in this case. Counterintuitively, unlike ordinary fixtures which cannot be removed by a tenant upon vacating occupancy, even an entire building, such as the one constructed by the tenant here — for the purposes of trade (in this case, a hotel) — can constitute a removable trade fixture under a long line of caselaw such as J.K.S.P. Restaurant, Inc. v. County of Nassau, 127 A.D.2d 121 (2nd Dept. 1987).

Hon. Rachel P. Kovner          – 3 –          April 8, 2022
U.S. District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Though this chapter 11 proceeding is in its infancy, we submit that abstention would not unduly prolong the administration of the Debtor's Estate. Upon remand, the Estate's real property can be sold subject to all claims and defenses — and in particular, subject to the remanded suit, which will ultimately determine whether co-Defendant, Tenant retains its long-term ground lease or not, and the nature and extent of Sands Capital LLC's perfected security interests.

Additionally, we note that according to Debtor's bankruptcy schedules, its aggregate debts amount to less than $5,000,000., whereas it values its real property alone at $25,000,000. This means that upon remand, and after a sale, all known creditors can be paid in full, while allowing the parties to fight over the factual and state-law issues that permeate the removed suit — in State Court — or to find common ground there.

For these reasons we respectfully submit that since no federal claim, nor independent, non-bankruptcy source of jurisdiction exists in this Court with respect to the removed case, mandatory abstention is warranted.

Alternatively, permissive abstention is warranted as well. The numerous factors identified in Geltzer, *supra* and in In re Bay Point Assocs., 2008 U.S. Dist. LEXIS 108402 (EDNY, 2008) are instructive, and, we submit, compelling.

Though it does not appear that there are any "core" components to this case, if any are found, it would not be feasible to sever the state law claims from such core bankruptcy matters. Likewise, too, the absence of any jurisdictional basis apart from 28 U.S.C. §1334, the burden on the Federal Court's docket, the presence of non-debtor parties, and the predominance of state law issue all militate towards abstention.

For all of the foregoing reasons, this Court should not entertain jurisdiction over the removed case, and should remand.

Thank you for your kind consideration of this matter.

Respectfully,

*Michael T. Sucher*

MTS:ms
cc: All Parties by ECF

Kevin J. Nash, Esq.
GOLDBERG WEPRIN FINKEL GOLDSTEIN, LLP
*Attorneys for Brooklyn Hospitality Group LLC and Lazar Waldman*
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
1325 Atlantic Realty LLC,                                           Case No. 1:22-cv-1047-RPK-VMS

                                      Plaintiff,

           -   against  -

Brooklyn Hospitality Group LLC, Lazar
Waldman and Sands Capital LLC,

                                     Defendants.

-----------------------------------------------------------------x

## NOTICE OF APPEARANCE
## AND REQUEST FOR SERVICE OF PAPERS

      **PLEASE TAKE NOTICE** that the undersigned now hereby appears as counsel for

defendants Brooklyn Hospitality Group LLC and Lazar Waldman in the above captioned case

and demands that all papers be forwarded to me at the office address listed below.

Dated: New York, New York
       April 8, 2022

                                    Goldberg Weprin Finkel Goldstein, LLP
                                    Counsel for Brooklyn Hospitality Group LLC and
                                    Lazar Waldman
                                    1501 Broadway, 22nd Floor
                                    New York, New York 10036
                                    Tel. (212) 221-5700

                              By:    /s/Kevin J. Nash, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

1325 Atlantic Realty LLC,                                   Case No. 1:22-cv-1047-RPK-VMS

                                    Plaintiff,

              -   against  -

Brooklyn Hospitality Group LLC, Lazar
Waldman and Sands Capital LLC,

                                    Defendants.

---------------------------------------------------------------x

## **RULE 7.1 CORPORATE OWNERSHIP STATEMENT**

              Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for

defendant Brooklyn Hospitality Group LLC certifies that it is a private non-governmental party,

and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
              April 8, 2022

                                        Goldberg Weprin Finkel Goldstein, LLP
                                        Counsel for Brooklyn Hospitality Group LLC and
                                        Lazar Waldman
                                        1501 Broadway, 22nd Floor
                                        New York, New York 10036
                                        Tel. (212) 221-5700


                                        By:      /s/Kevin J. Nash, Esq.

# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
### ATTORNEYS AT LAW

1501 BROADWAY, 22ᴺᴰ FLOOR
NEW YORK, N. Y. 10036
(212) 221-5700

Kevin J. Nash, Esq.
Direct phone: (212) 301-6944
Facsimile: (212) 221-6532
KNash@GWFGLaw.com

April 8, 2022

*Via ECF*
Hon. Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC et al.
       Case No. 22-cv-01047 (RPK)

Dear Judge Kovner:

Brooklyn Hospitality Group LLC (the "BHG") submits this letter brief in opposition to the bankruptcy removal petition filed by 1325 Atlantic Avenue Realty LLC ("1325") and in support of BHG's request that the underlying state action be remanded to the Supreme Court, Kings County (the "Action"), pursuant to 28 U.S.C. §1452(b) and the mandatory abstention provisions of 28 U.S.C. §1334(c)(2), or to the extent that mandatory abstention does not apply, under the permissive abstention provisions of 28 U.S.C. §1334(c)(1).

**Background:**  The petition comes to the District Court in somewhat unorthodox fashion since 1325 is seeking the removal of an action which it first started in the state court, as landlord, to enforce the alleged termination of a commercial lease.  BHG, as tenant, has lodged several defenses in the action and counterclaimed alleging that the lease constitutes an equitable mortgage or disguised financing transaction since it contains a purchase option through 2029 equal to 1325's original acquisition price, with "rent" effectively functioning as interest.  When 1325 acquired the property, BHG was already a tenant seeking to develop the location as a hotel and the parties entered into an amended lease.  The project is 70% complete and has been delayed by Covid-19.  There can be no dispute that all of the claims and defenses asserted in the Action arise under New York law.  Besides BHG, BGH's lender (Sands Capital), which holds a leasehold mortgage of some $6 million, is also named as a defendant, along with an individual guarantor.

That 1325 is seeking to remove an action in which it is the plaintiff is not a *per se* impediment under 28 U.S.C. §1452,[1] but it does raise the spectre of forum shopping which is one of the factors to be determined in a remand/abstention analysis.  The most important factor, however, relates to whether the underlying state action constitutes a "core" proceeding.  *See e.g. In re Exeter Holding, Ltd.*, 2013 WL 1084548, *3 (Bankr. E.D.N.Y. Mar. 14, 2013) [whether the action is core or noncore is often the most critical factor for determining mandatory abstention].  Once the core v. non-core dichotomy is resolved, the remaining factors for the application of mandatory abstention, equitable remand or permissive abstention quickly fall into place, since the Bankruptcy Court does not have jurisdiction to enter final orders in connection with a non-core matter and may not even have jurisdiction to enter final orders in connection with certain core matters. *See, N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982); *Stern v. Marshall*, 564 U.S. 462 (2011).

---

[1] Although 1325 loosely cites to federal removal under 28 U.S.C. §1441, only a defendant can remove an action under §1441. This case is governed by the specific bankruptcy removal statute, 28 U.S.C. §1452.

**The Action is a Non-Core Matter:**  Core proceedings in bankruptcy are outlined under 28 U.S.C. §157(b).  State law causes of action which do not arise under the Bankruptcy Code are viewed as non-core matters.  A core proceeding is generally defined as one invoking a substantive bankruptcy right.  *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).  Where, as here, the Court is presented with a breach of contract action based on a pre-petition contract that is not the subject of a claim filed against the debtor's bankruptcy estate, it is unquestionably a non-core proceeding.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993).

Despite the long line of decisions holding that state law claims are non-core, 1325 attempts to bootstrap "core" jurisdiction based upon a conclusory argument that the Action relates to the "disposition" of the Debtor's property and may impact the administration of the Chapter 11 case. However, any argument that a contract action becomes a core matter merely because it would affect the administration of the bankruptcy estate has been soundly rejected as creating "an exception to *Marathon* that would swallow the rule".  *In re Residential Capital, LLC*, 13-01820(MG), 2015 WL 739829, *6 (Bankr. S.D.N.Y. Feb. 20, 2015) [citing *Orion*].  To the contrary, the Action is quintessentially "related to" because the claims exist under state law and can be resolved without any reference to title 11 of the U.S. Code.  *See, e.g. In re Riverside Nursing Home*, 144 B.R. 951, 956 (Bankr. S.D.N.Y. 1992) ["An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."].  *See, also Goldstein v. Joseph*, 2015 WL 4039851 (S.D.N.Y. 2015) [landlord/tenant matter is non-core]; *In re Burger Boys, Inc.*, 1 83 B.R. 682 (S.D.N.Y. 1994) [same]; *In re RJZM LLC*, 2009 WL 2929433 (Bankr. S.D.N.Y. 2009) [same].

**Mandatory Abstention Applies:** 28 U.S.C. §1334(c)(2) provides for mandatory abstention where the following criteria have been met:

> (1) a timely abstention motion has been made; (2) the existence of a state law claim or cause of action; (3) no independent federal jurisdictional basis; (4) a claim "related to" but  not "arising in" or "arising under" title 11; (5) a parallel action commenced in state court; and (6) the ability to timely adjudicate the state court action.

*In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003).  1325 bears the burden of proof to establish the predicates for removal.  *Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852, *3 (S.D.N.Y. Aug. 17, 2011) ["When a party challenges the removal of an action from state court, the removing party has the burden to establish its right to a federal forum by competent proof." (internal quote marks omitted)]; *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D.Tex. 1995) ["Removal statutes are to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court."].

All six of these factors support abstention since (i) the request is timely; (ii) the Action involves state law claims; (iii) there is no independent federal jurisdiction for the Action; (iv) the matter is related to 1325's bankruptcy but does not arise under the Bankruptcy Code; and (v) there is a parallel state court action (started by 1325), which (vi) can be timely adjudicated.

On the last point, the test of timely adjudication is not based on which court is faster, but whether the state court can adjudicate the matter in a timely fashion. *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 267 (2d Cir. 2012). Indeed, "a state court may be a 'timely' forum, even if it requires longer to adjudicate an action than a federal court, as long as the relevant bankruptcy proceedings will not be hindered by the relative delay." *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, 2011 WL 4965150, at *7 (S.D.N.Y. Oct. 19, 2011). It has not even been suggested (let alone established) that the Action cannot be timely adjudicated in state court or would unduly hinder the Chapter 11 case, even though 1325 carries the burden on this element.

**Permissive Abstention and Equitable Remand Should be Invoked, If Necessary:** Even, *arguendo*, if mandatory abstention is not available, the Action should still be remanded under either permissive abstention pursuant to 28 U.S.C. §1334(c)(1) or equitable remand pursuant to 28 U.S.C. §1452(b). The elements to be considered under these two statutes are substantially identical. *See, In re Bradlees Stores, Inc.*, 311 B.R. 29, 34 (Bankr. S.D.N.Y. 2004). These elements include: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention, (2) the extent to which state law issues predominated over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the [jurisdictional] basis, if any, other than 28 U.S.C. sec. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy [involves forum shopping by one of the parties], (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. *In re MacMillan*, 186 B.R. 35, 52 (Bankr. S.D.N.Y. 1995).

In the main, application of these factors establishes that the Action should be remanded,  The bankruptcy can still be administered even if the Action is remanded, as 1325 has retained separate counsel for the litigation and 1325 can formulate a plan without termination of the lease.  State law dominates, and, with issue having been joined, the state court is well-situated to handle the Action, which may involve unsettled questions regarding lease recharacterization.  Since 1325 originally chose to commence suit in the state court before filing for bankruptcy, it cannot be prejudiced by returning there; otherwise, removal has a distinct air of forum shopping.  Moreover, the Action involves multiple non-debtor parties over whom the Bankruptcy Court lacks any jurisdiction.  In fact, because the leasehold mortgage was filed with the consent of the 1325, Sands Capital has independent rights which can only be resolved in the state court.

In view of all of the foregoing, whether by reason of mandatory abstention, permissive abstention or equitable remand, the Action should be remanded to the Supreme Court, Kings County.

Respectfully yours,

/s/ Kevin J. Nash, Esq.

cc:   Tracy Klestadt, Esq. (via email)
      Michael Levine, Esq. (via ECF and email)
      Michael Sucher, Esq. (via email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
1325 ATLANTIC REALTY LLC,                    Case No.
                                             22-CV-01047-RPK-VMS
                        Plaintiff,

        - against —

BROOKLYN HOSPITALITY GROUP LLC,
LAZAR WALDMAN and
SANDS CAPITAL LLC

                        Defendants.
-----------------------------------X

### RULE 7.1 CORPORATE DISCLOSURE STATEMENT

    Pursuant to FRCP Rule 7.1, the undersigned counsel for

Defendant, SANDS CAPITAL LLC, hereby certifies that it is a

private, non-governmental party, that is not owned, directly or

indirectly, by any parent corporation, nor does any publicly

held corporation own 10% or more of its stock.


Dated: Brooklyn, New York
       April 8, 2022

                              s/  *Michael T. Sucher, Esq.*
                              MICHAEL T. SUCHER, ESQ.
                              *Attorney for*
                              *Sands Capital LLC*
                              26 Court Street, Suite 2412
                              Brooklyn, NY 11242
                              Tel: (718) 522-1995
                              Cell: (718) 753-5010
                              email: nylawyer@aol.com

# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

April 8, 2022

<u>**Via ECF**</u>

Hon. Rachel P. Kovner, U.S.D.J.
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

<u>***RE: 1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC, et. al. (22-cv-01047)***</u>

Dear Judge Kovner:

The undersigned is litigation counsel, and Tracy Klestadt, Esq. is bankruptcy counsel, to the Plaintiff in the above-referenced removed action.  On March 2, 2022, the Court *sua sponte* issued an Order to Show Cause directing Defendants, if they oppose removal, to, by 4/1/2022, "file a letter of not more than three pages indicating why the exercise of jurisdiction is not appropriate." On March 29, 2022, Defendants requested an extension in their time to do so to April 8, 2022 [DE-8], Plaintiff consented to that, and this Court granted that request.  Today, Defendants separately filed letter motions seeking mandatory remand or abstention [DE-10 and DE-13, respectively].

Because of the necessity to respond to each of the letters, and my other judicial commitments, we would respectfully request that Plaintiff be given two weeks, through April 18, 2022, to file responsive letters.  This is the first request by Plaintiff for a briefing schedule in this matter.  I have consulted with counsel for the respective Defendants and they have each consented to this request.

Thank you for your attention.

Respectfully,

s/ *Michael Levine*

MICHAEL LEVINE

cc.    Kevin J. Nash, Esq. (via ECF and email)
       Michael T, Sucher, Esq. (via ECF and email)

# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

April 22, 2022

<u>**Via ECF**</u>

Hon. Rachel P. Kovner, U.S.D.J.
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

### <u>*RE: 1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC, et. al. (22-cv-01047)*</u>

Dear Judge Kovner:

The undersigned is litigation counsel, and Tracy Klestadt, Esq. is bankruptcy counsel, to the Plaintiff in the above-referenced removed action.  On March 2, 2022, the Court *sua sponte* issued an Order to Show Cause directing Defendants, if they oppose removal, to, by 4/1/2022, "file a letter of not more than three pages indicating why the exercise of jurisdiction is not appropriate." On March 29, 2022, Defendants requested an extension in their time to do so to April 8, 2022 [DE-8], Plaintiff consented to that, and this Court granted that request.  Today, Defendants separately filed letter motions seeking mandatory remand or abstention [DE-10 and DE-13, respectively].

Because of the necessity to respond to each of the letters, and my other judicial commitments, we had requested of counsel that they consent to a thirty day extension in our time to file a responsive letter, which both counsel consented to.  However, in my letter to the Court of April 8, 2022, I inadvertently requested only through April 18, 2022, but put in my calendar as being due on May 2, 2022.

I apologize for this error and respectfully request that the Court further extend Plaintiff's submission time through May 2, 2022.  As indicated, opposing counsel previously agreed to an extension of that length in any event.

Thank you for your attention.

Respectfully,

s/ *Michael Levine*

MICHAEL LEVINE

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

**Page 2**                                                        **April 22, 2022**


cc.    Kevin J. Nash, Esq. (via ECF and email)
       Michael T, Sucher, Esq. (via ECF and email)

# Levine & Associates, P.C.
### Attorneys-at-Law

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

May 2, 2022

<u>**Via ECF**</u>

Hon. Rachel P. Kovner, U.S.D.J.
U. S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn,. NY 11201

<u>**RE: *1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC et. al.***</u>
<u>***22-cv-01047(RPK)***</u>

Dear Judge Kovner:

The undersigned is co-counsel to 1325 Atlantic Realty LLC (the "<u>Debtor</u>"), the Plaintiff in the above-referenced action (the "<u>Action</u>") and the debtor in a bankruptcy proceeding that was filed on February 16, 2022.  This letter responds to the letter motions of Defendants Brooklyn Hospitality Group LLC ("<u>BHG</u>") and Sands Capital LLC ("<u>Sands Capital</u>").  The Defendants seek an Order remanding the Action to the New York State Court from which it was removed pursuant to (i) 28 U.S.C. §1452(b), (ii) 28 U.S.C. § 1334(c)(2) [mandatory abstention], or (ii) alternatively, 28 U.S.C. § 1334(c)(1) permissive abstention].[1]

<u>**Relevant Facts**</u>: The complaint in the Action was originally filed on September 23, 2021 in New York State Court and alleged, *inter alia*, that Defendant Brooklyn Hospitality Group LLC ("<u>BHG</u>") entered into a lease agreement with Debtor's predecessor for BHG's tenancy in the real property owned by Plaintiff's predecessor (and now owned by Plaintiff) located at 1325-1339 Atlantic Avenue, Brooklyn, New York (the "<u>Property</u>").  The complaint alleged that BHG breached the lease agreement in that it (i) failed to make required rental payments since February of 2021, (ii) caused at least nineteen (19) mechanic's liens to be filed against the Property totaling approximately $4,061,205.66 (most of which were filed after the September 23, 2021 , (iii) failed to make required property tax payments (resulting in a tax liability of $553,815 plus accruing interest and penalties), and (iv) granted a leasehold mortgage for $6,400,000 (the "<u>Mortgage</u>") and assignment of leases and rents ("ALR") to Defendant Sands Capital, which entity then improperly filed a lien *on the Property*.  As a result of those breaches, the Debtor formally terminated the lease with BHG in August of 2021 and commenced an action in New York State Court, Kings County, against BHG and Sands Capital seeking, *inter alia*, (i) a judgment of possession of the Property, (ii) money damages, and (iii) the cancellation of the purported Mortgage and ALR in favor of

---

[1]  Each Defendant filed separate letter motions, each of three pages.  Rather than submit separate three-page responses to each (because some of their arguments overlap), the Debtor submits this slightly longer single letter responding to the arguments of both Defendants.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

**Hon. Rachel P. Kovner, U.S.D.J.**
**Page 2**                                                                                        **May 2, 2022**

Sands Capital.  BHG filed an amended answer with counterclaims on November 29, 2021, which (although difficult to decipher) asserted, *inter alia*, counterclaims seeking declaratory judgments that (i) the Debtor actually does not own the Property, but simply has an "equitable mortgage" on the same, and (ii) the Debtor is holding the Property as a "constructive trustee" for the benefit of BHG.  Thus, the actual ownership of the Property – *Plaintiff's sole asset* – is the gravamen of the Action as between Plaintiff and BHG.[2]

Similarly, Sands Capital filed an Amended Answer with counterclaims on December 30, 2021, seeking, *inter alia*, a declaratory judgment that (i) it had superior possessory rights to those of Plaintiff to the structure on the Property (which it refers to as a "trade fixture"),[3] and (ii) it had the right to foreclose on the Property as a result of its business dealings with BHG.  Thus, as between Plaintiff and Sands Capital, the gravamen of the Action is a determination of priority rights and whether Sands Capital has standing to foreclose on the property and, consequently, divest the Debtor of the same.[4]  Because the attacks on the Debtor's Property from BHG, Sands Capital, and other purported lien holders threatened to divest the Debtor of its sole asset and, if successful, render the Debtor insolvent and unable to pay its creditors, the Debtor properly and timely filed a bankruptcy petition under Chapter 11 on February 16, 2022 (the "Bankruptcy Case").  Pursuant to the August 28, 1986 Order of then Chief Judge Jack B. Weinstein, a District Court may refer any case arising in or under or related to a case under Title 11 to the bankruptcy court.[5]

---

[2]  In its motion letter to this Court, BHG represents the assertion that the lease purportedly "constitutes an equitable mortgage or disguised financing transaction … with 'rent' effectively functioning as interest."  Thus, BHG admits that it is seeking in the Action ownership of the Property.  If it is successful in that claim, it will divest the Debtor of its sole asset, any ability to promulgate a Chapter 11 Plan, and any possibility of paying creditors.

[3]  Sands Capital alleges that an entire building can constitute a "removable trade fixture," citing *J.K.S.P. Restaurant, Inc. v. County of Nassau*, 127 A.D.2d 121 (2d Dept. 1987).  While the instant motions are not the time or place to argue that proposition, or its application to the facts at bar, suffice it to state that the language of the lease in this matter precludes such an assertion here.  *See*, for example, *ABQ Uptown, LLC v. Davide Enters., LLC*, No. CIV 13-0416 JB/KK (D.N.M. Oct. 19, 2015).

[4]  On January 10, 2022, Tristate Financing Corp. ("Tristate"), one of the contractors who allegedly did work on the Property at the behest of BHG, commenced an action in New York State Court, Kings County, against the Debtor and others, seeking, *inter alia*, (i) determining that Tristate had a lien on the Property in the amount of $283,250.04, and (ii) an order directing the sale of the Property to satisfy that lien.  As indicated, several other contractors have filed liens against the Property, but have not yet commenced the inevitable actions to foreclose on the same.  The total amount of those claimed liens, insofar as Plaintiff is presently aware, is in the multi-million dollar range.

[5]  Pursuant to the December 5, 2012 order of Chief Judge Carol Bagley Amon, if a bankruptcy judge cannot enter a final order or judgment in a core proceeding referred to it by the district court, the bankruptcy judge nonetheless can hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Rachel P. Kovner, U.S.D.J.
Page 3                                                                                          May 2, 2022

Defendants, while admitting that the Action at the very least is "related to" the Bankruptcy Case, contends here that, this Court should not refer this matter to the bankruptcy court and, instead, remand the Action to state court (or abstain from hearing the same), because the Action purportedly does not contain claims that are "core."[6] They are incorrect.

**The claims in the Action are "core"**:  Initially it must be pointed out that, as the court stated in *Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.)*, 2013 WL 1084548 (Bankr. E.D.N.Y. Mar. 14, 2013), a case cited by BHG: "a motion to abstain, whether mandatory or discretionary abstention, is itself a core matter" (citing *Nickless v. Creare, Inc.*, 310 B.R. 478, 484-85 (Bankr. D. Mass. 2004), *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 811 (Bankr. N.D. Ill. 2008); *In re Finkley*, 203 B.R. 95, 97 (Bankr. N.D. Ill. 1996).  Thus, the initial determination of a request for abstention is a core matter that should initially be made to the Bankruptcy Court and the Action should be referred for, at least, that purpose.

But even if this Court engages in a substantive "core" analysis, the only reasonable conclusion to be drawn is that the Action is, in fact, a core proceeding under 28 U.S.C. § 157(b)(2).  That statute provides a non-exclusive list of proceedings that Congress has deemed core, for example, (i) matters concerning the administration of the estate (sub-A), (ii) orders to turn over property of the estate (sub-E), (iii) determinations of the validity, extent, or priority of liens (sub-K), and (iv) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship (sub-O).  Some of these listed items are so broad that they "could be construed to include almost any matter relating to bankruptcy …"  *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1398 (2d Cir. 1990), vacated, 498 U.S. 964 (1990), reinstated, 924 F.2d 36 (2d Cir. 1991).  Here, the Action is *not*, as BHG alleges, simply a "breach of contract action based upon a pre-petition contract" seeking to recover monetary damages,[7]  Here, not only

---

[6]  The Defendants first assert that equitable remand is required pursuant to 28 U.S.C. § 1452(b).  That statute provides that the Court *may* remand any removed "claim or cause of action on any equitable ground."  The Defendants do not describe the specific equitable grounds they claim exist for remand under § 1452(b); instead, Defendant BHG asserts that the elements to be considered are the same as the elements to be considered under a permissive abstention analysis under 28 U.S.C. § 1334(c)(1).  In that regard, BHG correctly asserts (and Sands Capital does not disagree) that the most important factor in the "remand/abstention" analysis is whether the claims in the underlying state court action constitute "core" matters.

[7]  The cases cited by BHG in support of that contention (Sands Capital does not cite any such cases, alleging only that state court law is involved in the Action) were all matters where the only relationship the action had to the bankruptcy proceeding was that determination of the action would affect the ultimate *size* of the estate.  Unlike a proceeding that simply seeks to augment the estate (i.e., to the extent that the claim is for pre-petition monetary contract damages), the Action here involves the determination of ownership of the Debtor's sole asset, priority rights of creditors, and the ability to create and implement a Chapter 11 plan.  Were it that the only issue in the Action was the Debtor's attempt to collect funds, the Defendants' arguments that the same was "non-core" would be more compelling.  But that is simply not the case here.  Here, the very heart of the matter is the Debtor's ownership of its sole asset and the only means it has of offering and implementing a Chapter 11 plan to pay its creditors.  To administer that asset, determine the propriety of possessory claims to the Debtor's sole asset, and adjudicate the respective rights of creditors, the bankruptcy court must *necessarily* determine the claims in the Action (as well as the separate action

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

Hon. Rachel P. Kovner, U.S.D.J.
Page 4                                                                                    May 2, 2022

is the Debtor attempting to recover possession of its sole asset (independent of its monetary damage claim), but it is also seeking to eradicate purported liens on its property or, at least, determine the priority of its rights as against a lien holder.[8]  Moreover, it is facing claims in the Action which, if successful, will divest it of its sole asset (either by way of the imposition of a "constructive trust" in favor of BHG or the foreclosure sale of the Property by Sands Capital) and render the bankruptcy proceeding meaningless.  Those claims clearly fall within the definition of each of the sub-sections of § 157(b)(2) cited above.  Quite simply, the Action goes to the heart of the bankruptcy process and is a core proceeding.

Defendants' claim that the Action is automatically not a core proceeding because it requires the application of state law is similarly misplaced.  Section 157(b)(3) provides in relevant part that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."  Indeed, a claim can be core even though it is a suit for breach of contract under state law.  For example, in *In re Arnold Print Works*, Inc., 815 F.2d 165 (1st Cir. 1987), the First Circuit ruled, after engaging in an extensive analysis of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and §157, that a suit by a debtor for breach of contract under state law was a core action because it was covered under at least two of the subsections of § 157(b)(2).  The court noted that the legislative intent of §157 was that "core proceedings would be interpreted broadly, close to or congruent with constitutional limits," and that the authors of § 157(b) spoke of core proceedings as those "integral to the core bankruptcy function of restructuring debtor-creditor rights."  Id. at 168.  The Second Circuit has repeatedly stated this as well.  *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 166 (2d Cir. 2000) ["We have explained that 'bankruptcy jurisdiction [is] to be construed as broadly as possible within … constitutional constraints"); *In re Ben Cooper*, 896 F.2d 1394, 1398 (2d Cir. 1990) ["bankruptcy jurisdiction was to be construed as broadly as possible within the constitutional constraints of Marathon"]; *In re Best Products*, 68 F.3d at 31 ["In [ Ben Cooper], … we quoted with approval the First Circuit's analysis of the legislative history of section 157: [T]he legislative history of [section 157] indicates that Congress intended that 'core proceedings' would be interpreted broadly, close to or congruent with constitutional limits"]

---

commenced by Tristate and the other lien claims by other purported creditors).  BHG's reliance on *In re Residential Capital, LLC*, 13-01820(MG), 2015 WL 739829, *6 (Bankr. S.D.N.Y. Feb. 20, 2015) is misplaced.  The Debtor's contention here is *not* (as BHG contends) that "a contract action becomes a core matter merely because it would affect the administration of the bankruptcy estate."  Here, (i) the Action is not simply a "contract action" seeking the recovery of funds, it is one where claims to *ownership* of the Debtor's sole asset are made by the Debtor, BHG and Sands Capital; and (ii) the disposition of those claims dictates whether the Debtor de facto *has* an estate for administration.

[8]  The Action is markedly different from traditional "Marathon-type," non-core matters.  Determining what property is properly owned by the Debtor, and Fixing the order of priority of creditor claims against a debtor is an integral and historic bankruptcy function, and without this power the bankruptcy court would be rendered powerless to rehabilitate a debtor.  It is hard to imagine an issue that is more at the heart of bankruptcy proceedings than this.  Recovery of a debtor's assets and the adjustment of the debtor-creditor relationship regarding alleged liens and contrary claims to ownership, determinations of the priority of liens, and administration of the estate, clearly falls within the ambit of 28 U.S.C. Section(s) 157(b)(2)(A), (E), (K), and (O).

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Rachel P. Kovner, U.S.D.J.
Page 5                                                                                                    May 2, 2022

(brackets in original); *In re Petrie Retail, Inc.*, 304 F.3d 223, 229 ["Therefore, we construe Marathon narrowly and give core proceedings a broad interpretation that is close to or congruent with constitutional limits"] (internal quotation marks deleted).  Indeed, the Second Circuit has also noted, as did the First Circuit, that "the sponsors repeatedly said that 95 percent of the proceedings brought before bankruptcy judges would be core proceedings."  *Arnold Print Works*, 815 F.2d at 168.

**Mandatory Abstention in not appropriate**: Although the core determination negatively affects the necessity for mandatory abstention, the motion based upon the same must be denied as well because federal rights, i.e. the Debtor's right to use and dispose of its property under 11 U.S.C. §§541, 1107 and 1108, are now implicated.  The Debtor's ability to use property of its estate, as defined in 11 U.S.C. §541, and as provided in 11 U.S.C. §1108, is within the province of the Federal Courts.  Thus, it is well within the core jurisdiction of the bankruptcy court to adjudicate those matters.  Further, the Action, for all intents and purposes, cannot be "timely adjudicated" in State Court.  *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011) ("the status of the title 11 bankruptcy proceeding to which the state law claims are related" must be considered).  One of the factors that the *Parmalat Capital* court indicated should be considered is "whether the state court proceeding would prolong the administration or liquidation of the estate."  In the Action at bar, there is no question that that is the case.  Kings County Supreme Court cases are presently running about three years from commencement to disposition, and appeals to the Second Department are running about eighteen months from filing to decision.  Chapter 11 reorganization will require expeditious resolution of the state law claims in order to determine what resources are available to fund the chapter 11 reorganization.  That can only be timely obtained in the bankruptcy court.

**Discretionary Abstention in not appropriate**: Defendants also seeks discretionary abstention.  As discussed above, that is inappropriate here.  Indeed, the request must be viewed in light of the Court's "'virtually unflagging obligation' to exercise the jurisdiction given them" (*In re Joint Eastern and Southern District Asbestos Litigation*, 78 F.3d 764, 775 [2d Cir. 1996] and that "abstention is appropriate only in certain narrowly-tailored, exceptional circumstances" (*Colorado River Water Conservation v. U.S.*, 424 U.S. 800, 817–818, 96 S.Ct. 1236, 47 L.Ed.2d 483 [1976]), both as quoted in *In re Calpine Corp.*, 361 B.R. 665, 669-70 (Bankr. S.D.N.Y. 2007).  Here, there are serious questions about the effect of allowing a non-bankruptcy court to consider and adjudicate the right to use property of the Debtor's estate.  The Action concerns the disposition of the only property that the estate owns, and the ability of the Debtor to proceed in its attempts to reorganize under Chapter 11 of the Bankruptcy Code.  This is the very type of case that requires bankruptcy court adjudication.

Very truly yours,

s/ *Michael Levine*

MICHAEL LEVINE

All counsel (via email)

# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

August 26, 2022

**Via ECF**

Hon. Rachel P. Kovner, U.S.D.J.
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**_RE: 1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC, et. al. (22-cv-01047)_**

Dear Judge Kovner:

The undersigned is litigation counsel, and Tracy Klestadt, Esq. is bankruptcy counsel, to the Plaintiff 1325 Atlantic Realty LLC ("Atlantic Realty") in the above-referenced removed action. On March 2, 2022, the Court *sua sponte* issued an Order to Show Cause directing Defendants, if they oppose removal to, by 4/1/2022, "file a letter of not more than three pages indicating why the exercise of jurisdiction is not appropriate." On April 8, 2022, Defendant Sands Capital Group LLC ("Sands Capital") filed a letter motion seeking remand of this matter to State Court [DE-10]. On the same day (April 8, 2022), Defendants Brooklyn Hospitality Group LLC ("BHG") and Lazar Waldman filed their own motion for remand [DE-13]. On May 2, 2022, Plaintiff filed its opposition to the reman motion [DE-17].

In the meantime, a related action had been commenced by alleged creditor Tristate Fencing Corp. ("Tristate") against Atlantic Realty in the state court and removed to this Court by Atlantic Realty. That removed proceeding was assigned to Judge Donnelly. Tristate thereafter made a submission opposing the reference of that action to the Bankruptcy Court arguing, *inter alia* (as do BHG and Sands Capital in this case), that the matter was not as core action or related to Atlantic Realty's bankruptcy case. By order dated August 23, 2022 (and docketed yesterday), Judge Donnelly overruled Tristate's objection to reference of that matter to the Bankruptcy Court, ruling (*inter alia*) that Tristate's "state court action is sufficiently related to the underlying bankruptcy proceeding because resolution of the action could have a 'conceivable effect' on 1325 Atlantic Realty's bankruptcy estate."

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

Hon. Rachel P. Kovner, U.S.D.J.
Page 2                                                        August 26, 2022


We enclose a copy of Judge Donnelly's order for this Court's edification should the Court find it useful.

Thank you for your attention.

                              Respectfully,

                              s/ *Michael Levine*

                    MICHAEL LEVINE


cc.    Kevin J. Nash, Esq. (via ECF and email)
       Michael T, Sucher, Esq. (via ECF and email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
**TRISTATE FENCING CORP.** *d/b/a Rock*                          :
*Brokerage*,                                                     :
                                                                 :
                                        Plaintiff,               :    **MEMORANDUM DECISION &**
                                                                 :    **ORDER**
                                 – against –                     :
                                                                 :    22-CV-1034 (AMD) (VMS)
                                                                 :
**1325 ATLANTIC REALTY, LLC** *et al.*,                          :
                                                                 :
                                        Defendants.              :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 25, 2022, 1325 Atlantic Realty, LLC—a debtor in a pending Chapter 11

bankruptcy case—removed this action from the New York State Supreme Court, Kings County

for referral to the United States Bankruptcy Court for the Eastern District of New York.  (ECF

No. 1.)  For the reasons set forth below, this case is referred to the Bankruptcy Court in

connection with 1325 Atlantic Realty's pending Chapter 11 case, *see In re 1325 Atlantic Realty,*

*LLC, Debtor*, No. 22-40277 (Bankr. E.D.N.Y.).

## BACKGROUND

On January 7, 2022, the plaintiff filed a complaint in New York Supreme Court, alleging

state law claims against 1325 Atlantic Realty, LLC, Brooklyn Hospital Group LLC, LW

Developers Corp., as well as the unnamed "owners, officers, directors, shareholders, and/or

members" of the three companies, whom the complaint identifies as "John Doe" and "Jane Doe"

1-10.  (ECF No. 12.)  According to the complaint, the plaintiff entered into an agreement with

LW Developers, a general contractor, to perform soil disposal services for a construction project

at 1325 Atlantic Avenue in Brooklyn—a property owned by 1325 Atlantic Realty LLC and

leased by Brooklyn Hospital Group (the "property").  (*Id.* ¶¶ 2, 9.)  The plaintiff alleges that it

was not paid for at least $283,250.04 in material and labor, and as a result, filed a Notice of Lien against the property on July 7, 2021.  (*Id.* ¶¶ 10-17.)  The plaintiff brings claims against the defendants for (1) foreclosure on the property, (2) breach of contract,[1] (3) account stated, (4) quantum merit and (5) to recover monetary damages for alleged "trust fund diversion" pursuant to Article 3-A of the New York Lien Law.  (*Id.* ¶¶ 7-53.)

Shortly after it filed a Chapter 11 petition on February 16, 2022, *see* No. 22-40277 (Bankr. E.D.N.Y.), the Chapter 11 debtor, 1325 Atlantic Realty, removed this action on February 25, 2022, pursuant to 28 U.S.C. §§ 1334(b), 1452(a), alleging that the claims asserted in the state action "arise in and/or are related to a [pending] Chapter 11 bankruptcy case . . . ."  (ECF No. 1 ¶ 2.)  In its notice of removal, 1325 Atlantic Realty contends that the plaintiff's claims are "core proceedings within the meaning of 28 U.S.C. § 157(b)(2) because they concern the administration of the Debtor's Chapter 11 case, including but not limited to, the disposition of its property."  (*Id.* ¶ 6.)  Further, in the event the claims are deemed to be non-core, 1325 Atlantic Realty consents to entry of final judgment by the Bankruptcy Court.  (*Id.* ¶ 7.)

On March 9, 2022, the Court ordered the plaintiff to show cause why this case should not be referred to the Bankruptcy Court.  (Mar. 9, 2022 Order to Show Cause.)  To the extent that the plaintiff opposed removal, the plaintiff was directed to file a letter explaining why the exercise of jurisdiction was not appropriate.  (*Id.*)  The plaintiff filed a response to the Court's order to show cause on April 8, 2022, but did not say whether it opposes the removal of the action from state to federal court, as the Court had specifically directed.  (ECF No. 9.)  Instead, the plaintiff contends that the referral to the Bankruptcy Court should be withdrawn pursuant to 28 U.S.C. § 157(d),

---

[1] The plaintiff asserts its claim for breach of contract against LW Developers, the general contractor with whom it allegedly entered into an agreement to perform the soil disposal services.  (ECF No. 12 ¶¶ 9, 21-27.)

and that the case should remain in federal district court.  (*Id.* at 2-3.)  1325 Atlantic Realty

maintains that referral to the Bankruptcy Court is warranted.  (ECF No. 10.)

## DISCUSSION

For the reasons that follow, I find that this case should be referred to the Bankruptcy

Court for the Eastern District of New York, pursuant to 28 U.S.C. § 157(a) and the August 28,

1986 Standing Order of Reference in effect in the Eastern District of New York, as amended on

December 5, 2012, which provides that cases "arising under Title 11, or arising in or related to a

case under Title 11 . . . are hereby referred to the Bankruptcy Judges for this District."

District courts have jurisdiction over actions "arising under title 11, or arising in or

related to cases under title 11."  28 U.S.C. § 1334(b).  An action "arises under" title 11 if the

"cause of action or substantive right claimed is created by the Bankruptcy Code."  *In re Aramid

Ent. Fund, LLC*, 628 B.R. 584, 593 (Bankr. S.D.N.Y. 2021) (quoting *In re Fairfield Sentry Ltd.

Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011).  An action "arises in" a bankruptcy case if it is "not

based on any right expressly created by title 11, but nevertheless, would have no existence

outside of the bankruptcy."  *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010) (per curiam)

(internal quotations marks and brackets omitted).  An action is "related to" a title 11 case if the

action's "outcome might have any conceivable effect on the bankruptcy estate."  *In re Cuyahoga

Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (internal quotation marks and citation omitted);

*Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011); *Keybank Nat'l

Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 225 (S.D.N.Y. 2019).  Under the "conceivable

effects" test, a proceeding is related to a bankruptcy case if:

> the outcome of that proceeding could conceivably have any effect on the estate
> being administered in bankruptcy. Thus, the proceeding need not necessarily be
> against the debtor or against the debtor's property. An action is related to
> bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (citations omitted); *In re Lyondell Chem. Co.*, 402 B.R. 571, 586 (Bankr. S.D.N.Y. 2009) (noting that the Second Circuit follows the Third Circuit's *Pacor* test); *see also, e.g., In re Riverside Nursing Home*, 144 B.R. 951, 956 (S.D.N.Y. 1992) (applying the *Pacor* test to hold that eviction action initiated in state court against a Chapter 11 debtor was related to the debtor's bankruptcy case). "While 'related to' jurisdiction is not 'limitless,' . . . it is fairly capacious, and includes 'suits between third parties which have an effect on the bankruptcy estate.'" *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)).

The plaintiff's state court action is sufficiently related to the underlying bankruptcy proceeding because resolution of the action could have a "conceivable effect" on 1325 Atlantic Realty's bankruptcy estate.[2]  *See In re Cuyahoga Equip. Corp.*, 980 F.2d at 114.  The plaintiff does not dispute that its first cause of action against 1325 Atlantic Realty, in which it seeks a foreclosure order directing the sale of property belonging to 1325 Atlantic Realty, is related to 1325 Atlantic Realty's bankruptcy.  (ECF No. 9 at 2 (conceding that the foreclosure action is related to the underlying bankruptcy).)  Instead, without citing any authority, the plaintiff contends that the case should not be referred because the plaintiff has other claims against "Non-Debtor Defendants"— Brooklyn Hospital Group, LW Developers and the unnamed individual defendants—which "are completely unrelated to the bankruptcy."  (ECF No. 9 at 2; *see also id.* at 1 ("The only claims asserted against the Debtor are the first claim seeking foreclosure on

---

[2] In holding that the plaintiff's action is, at least, "related to" 1325 Atlantic Realty's bankruptcy case, I do not decide whether any of the plaintiff's claims against 1325 Atlantic Realty would qualify as a "core proceeding" as defined by 28 U.S.C. § 157(b)(2).

Plaintiff's mechanic lien . . . and the fifth claim for trust fund diversion, asserted against all parties.").)  The plaintiff's argument is not persuasive.

A review of the complaint shows that 1325 Atlantic Realty is a party to four of the plaintiff's five claims.  In addition to the foreclosure cause of action, which the plaintiff asserted against 1325 Atlantic Realty, the plaintiff makes the account stated and quantum meruit claims and the trust fund diversion claim pursuant to the New York Lien Law against all of the defendants, including 1325 Atlantic Realty and the non-debtor defendants.  (ECF No. 12 ¶¶ 7-20, 28-53.)  The plaintiff seeks monetary damages—a judgment of $283,250.04, in the case of the account stated and quantum meruit claims, and "an amount to be determined at trial," in the case of the trust fund diversion.  (*Id.* at 9.)  If the plaintiff were to prevail on any of these claims, the outcome would have a direct impact on 1325 Atlantic Realty's available assets, and therefore a "conceivable effect on [1325 Atlantic Realty's] bankruptcy estate."  *In re Cuyahoga*, 980 F.2d at 114; *Bevilacqua v. Bevilacqua*, 208 B.R. 11, 16 (E.D.N.Y. 1997) (determining that the "claims could conceivably have an effect on defendant's bankruptcy estate since judgment could augment or diminish the estate"); *McCord v. Papantoniou*, 316 B.R. 113, 121-22 (E.D.N.Y. 2004) (holding that "claims for breach of fiduciary duty and conversion [that] concern the amount of property in the Debtor's estate available to creditors" qualify as related proceedings).

The fact that the plaintiff also has a breach of contract claim against LW Developers does not compel a different result.  A "proceeding need not necessarily be against the debtor or against the debtor's property" to be considered related.  *See Pacor*, 743 F.2d at 994; *see also In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 323 (S.D.N.Y.2003) ("The potential alteration of the liabilities of the estate and change in the amount available for distribution to other creditors is sufficient to find that litigation among non-debtors is 'related to' the bankruptcy proceeding.").

For example, jurisdiction has been found in cases in which there is a "reasonable legal basis" for

a claim by a non-debtor defendant against the debtor for indemnification or contribution, *see*

*SPV Osus*, 882 F.3d at 340, even in the absence of an indemnification agreement or claim, *see*

*e.g., Bond Street Assoc. v. Ames Dept. Stores, Inc.*, 174 B.R. 28 (S.D.N.Y. 1994); *Bank of Am.,*

*N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 425 (S.D.N.Y. 2013) ("The fact that this

indemnification (or lack thereof) is not a certainty does not preclude the Court from finding

'related to' jurisdiction.").  "A claim need not be certain to provide a federal court with

jurisdiction: 'contingent outcomes can satisfy the "conceivable effects" test, so long as there is

the *possibility* of an effect on the estate.'"  *SPV Osus*, 882 F.3d at 340 (alteration in original)

(quoting *N.Y. Commercial Bank v. Pullo*, No. 12-2052, 2013 WL 494050, at *3 (Bankr.

S.D.N.Y. Feb. 7, 2013)).

Here, although 1325 Atlantic Realty is not a party to the contract between the plaintiff

and LW Developers, the plaintiff alleges that 1325 Atlantic Realty entered into a separate

contract with LW Developers and has not paid LW Developers.  According to the complaint,

1325 Atlantic Realty and Brooklyn Hospitality Group "entered into an agreement with LW

Developers for LW Developers to be the general contractor," and LW Developers, in turn,

entered into a sub-contract with the plaintiff, "whereby Plaintiff agreed to provide the labor and

materials necessary for the soil disposal and related work for the Project."  (ECF No. 12 ¶¶ 8-9.)

The plaintiff alleges, "Upon information and belief, there remains an outstanding balance by

[1325 Atlantic Realty] and [Brooklyn Hospital Group] to LW Developers in the amount of at

least $283,250.04."  (*Id.* ¶ 13.)  As a result, the plaintiff alleges that LW Developers has not fully

reimbursed the plaintiff for $283,250.04 worth of services and materials.  (*Id.* ¶ 14.)  Although it

is conceivable that the plaintiff's contract claim against LW Developers may not directly affect

1325 Atlantic Realty, the plaintiff's allegations establish at least a reasonable possibility that the contract claim could result in a finding of liability against 1325 Atlantic Realty, for whatever payments that 1325 Atlantic Realty may owe to LW Developers.[3]  For these reasons, I find that the plaintiff's case is related to 1325 Atlantic Realty's pending bankruptcy proceeding.  Thus, to the extent that the plaintiff means to argue that I should not make the referral, I disagree.  The standing order in effect in the Eastern District of New York requires that the district court refer cases arising under title 11 or arising in or related to a case under title 11.

The plaintiff does not argue that I should remand this case to state court pursuant to 28 U.S.C. § 1452(b), or that this Court or the Bankruptcy Court should abstain from hearing the action pursuant to 28 U.S.C. §§ 1334(c)(1) or (2).  Instead, the plaintiff argues for withdrawal of the referral—which had not been made when the plaintiff filed its submission—pursuant to 28 U.S.C. § 157(d), because the state action involves non-core claims, referral would encourage forum shopping and because the plaintiff has requested a jury trial for all issues triable by a jury. (ECF No. 9 at 2-3.)[4]

---

[3] Moreover, the plaintiff's allegations establish that the breach of contract claim against LW Developers is "sufficiently intertwined" with the claims asserted against 1325 Atlantic Realty, making the exercise of "related to" jurisdiction appropriate under another test employed by some courts in this circuit.  *See Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*, No. 95-CV-277, 1995 WL 489711, at *3-*6 (S.D.N.Y. Aug. 15, 1995) (finding an action is related to a bankruptcy case "not only where the outcome of the proceeding may conceivably have an effect upon the estate being administered, but also where parties are sufficiently intertwined with the debtor" (citations omitted)); *In re Adelphia Commc'ns Corp.*, 285 B.R. 127, 138 n.31 (Bankr. S.D.N.Y. 2002) (noting that proceedings are "related to" a bankruptcy case, where claims by a non-debtor against a non-debtor defendant were "intimately intertwined" with those asserted against the debtor (citing *Nemsa*, 1995 WL 489711 at *6)); *accord In re Joe's Friendly Serv. & Son, Inc.*, No. 8-14-70001, 2020 WL 3120288, at *11 (Bankr. E.D.N.Y. June 11, 2020), *leave to appeal denied*, 628 B.R. 181 (E.D.N.Y. 2021).  As parties to a contract, LW Developers and 1325 Atlantic Realty are sufficiently "intertwined" parties.  Moreover, the plaintiff's contract claim against LW Developers concerns services performed on 1325 Atlantic Realty's property.

[4] The plaintiff contends that I should retain jurisdiction over this action.  (ECF No. 9 at 2.)  Yet the plaintiff's arguments against referral—that the claims do not arise under a title 11 case and that most of them do not relate to a title 11 case—would preclude the exercise of district court jurisdiction, which extends to cases "arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

The district court has discretion to withdraw "in whole or in part" a case referred to

bankruptcy court "for cause shown." 28 U.S.C. § 157(d). Although § 157(d) does not define the

term "cause," district courts in this circuit consider multiple factors in evaluating "cause." *In re*

*Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed* 511 U.S. 1026 (1994).

These factors include: "(i) whether the proceeding is a 'core' proceeding under 28 U.S.C. §

157(b); (ii) whether the action is legal or equitable; (iii) interests of judicial economy; (iv)

interests of uniform bankruptcy administration; (v) reduction of forum shopping; (vi) economical

use of debtors' and creditors' resources; (vii) interests of expediting the bankruptcy process; and

(viii) the presence of a jury demand." *Oneida Ltd. v. Pension Ben. Guar. Corp.*, 372 B.R. 107,

111 (S.D.N.Y. 2007) (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). Each of the potential

factors may have substantial importance in a given case, but none is dispositive. *See Mishkin v.*

*Ageloff*, 220 B.R. 784, 799-800 (S.D.N.Y. 1998); *see also Houbigant, Inc. v. ACB Mercantile,*

*Inc. (In re Houbigant, Inc.)*, 185 B.R. 680, 686 (S.D.N.Y. 1995) (stating that the core versus non-

core distinction is not "wholly determinative").

First, the plaintiff's request for withdrawal of the reference is premature because "referral

has not occurred yet." *Ucarer v. Ala Turk, Inc.*, No. 20-CV-5996, 2021 WL 620908, at *1

(E.D.N.Y. Feb. 17, 2021); *Reisz et al. v. Congregation Ichud Chasidum et al.*, No. 22-CV-2231

(E.D.N.Y. June 3, 2022) (denying defendants' request for withdrawal as "premature because the

case has not yet been referred"). Second, relying on the statutory language of 28 U.S.C. §

157(b)(3), which provides that "[t]he bankruptcy judge shall determine, on the judge's own

motion or on timely motion of a party, whether a proceeding is a core proceeding under this

subsection or is a proceeding that is otherwise related to a case under title 11," some courts in

this circuit have found that withdrawal arguments were premature where the bankruptcy court

has not initially determined whether the case is core or non-core.  *See In re Enron Corp.*, No. 03-CV-5078, 2003 WL 22171695, at *2 (S.D.N.Y. Sept. 22, 2003) (finding motion to withdraw premature where the bankruptcy judge "has not yet made a determination whether this action is core or non-core," and movant "provided no good reason to depart from the practice of allowing the bankruptcy judge in the first instance to determine if a proceeding is core or non-core"); *In re Ranch 1 Inc.*, No. 02-CV-4417, 2002 WL 31175184, at *2 (S.D.N.Y. Sept. 27, 2002) (collecting cases that have held "before a withdrawal of reference motion is presented to the District Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core" (citation omitted)); *McHale v. Citibank, N.A.*, No. 09-CV-6064, 2009 WL 2599749, at *5 n.65 (S.D.N.Y. Aug. 24, 2009) (same); *But see In re Keene Corp.*, 182 B.R. 379, 383 (S.D.N.Y. 1995) ("Some courts have construed the language of § 157(b)(3) as establishing a preference for the initial determination of the core/non-core issue to be made by the bankruptcy court. . . . However, nothing in this or any other statute vests this power exclusively in the bankruptcy court.").

Third, courts have rejected arguments for withdrawal relating to a party's right to a jury trial that were "made at an early stage in the action because a bankruptcy court can appropriately conduct pre-trial proceedings in a non-core action even if the jury trial must ultimately be conducted by a district court."  *McHale*, 2009 WL 2599749, at *5 & n.66 (citing *In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004)); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) ("[T]he appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready." (citation omitted)); *In re Enron Corp.*, 2003 WL 22171695, at *2 (dismissing as "premature" party's argument that the reference should be withdrawn on the

ground that it was entitled to a jury trial, as "bankruptcy judge may adjudicate pretrial matters").
For these reasons, the plaintiff's arguments are unavailing.[5]

Therefore, because this case "related" to the pending bankruptcy action, it must be referred to the Bankruptcy Court of the Eastern District of New York, pursuant to 28 U.S.C. § 157(a)[6] and the Standing Order of Reference dated August 28, 1986, which refers to the Bankruptcy Court all cases in the Eastern District arising under, arising in or related to a title 11 case. *See* Standing Order of Reference dated August 28, 1986, as amended by order dated December 5, 2012; *In re Lenders Abstract & Settlement Serv. Inc.*, 493 B.R. 385, 390 (E.D.N.Y. 2013) (noting that referral is "automatic[]" for cases covered by the August 28, 1986 standing order); *In re Barrick*, No. 19-75822, 2020 WL 4809887, at *1 (Bankr. E.D.N.Y. Aug. 17, 2020) (same).

---

[5] Although the plaintiff emphasizes that the action involves non-core claims and contends that it is entitled to a jury trial, other *Orion* factors—the promotion of judicial efficiency, decrease in delays and costs the parties, and the interests of uniform bankruptcy administration—weigh strongly in favor of maintaining the action in bankruptcy court. Nevertheless, I decline to reach the merits of the plaintiff's arguments for withdrawal, as they are premature and thus not properly before the Court.

[6] Section 157(a) authorizes "[e]ach district court [to] provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

**CONCLUSION**

Accordingly, this case is referred to the United States Bankruptcy Court for the Eastern District of New York in connection with Case No. 22-40277 (Bankr. E.D.N.Y.). Because the plaintiff's arguments in support of withdrawing the reference are premature, they are denied at this time without prejudice to renewal.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 23, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
1325 ATLANTIC REALTY LLC,

                        Plaintiff,

        v.

BROOKLYN HOSPITALITY GROUP LLC,
LAZAR WALDMAN, and SANDS CAPITAL
GROUP LLC,

                     Defendants.
--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-1047 (RPK) (VMS)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff 1325 Atlantic Realty LLC removed this case from state court on the theory that the claims arise in or are related to plaintiff's Chapter 11 bankruptcy proceeding. *See* 28 U.S.C. § 1452(a). Defendants move to remand. For the reasons discussed below, defendants' motions are denied and this case is referred to the United States Bankruptcy Court for the Eastern District of New York in connection with plaintiff's pending bankruptcy case, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.).

## BACKGROUND

      Plaintiff owns property at 1325-1339 Atlantic Avenue in Brooklyn, New York. Compl. ¶ 2 (Dkt. #1). Defendant Brooklyn Hospitality Group LLC ("BHG") entered into an agreement to lease and construct a hotel on the property, and defendant Lazar Waldman agreed to guarantee BHG's obligations under the lease. *See id.* at ¶¶ 6–7, 9. Plaintiff asserts that BHG stopped paying rent, abandoned the property, and took actions resulting in at least fifteen mechanic's liens being filed against the property. *Id.* at ¶¶ 14–16. Plaintiff also asserts that BHG improperly obtained a mortgage from defendant Sands Capital Group LLC, which filed a lien on the property. *Id.* at ¶ 17.

In September 2021, plaintiff filed suit in New York state court against all three defendants for breach of contract, ejectment/possession, unjust enrichment, and to quiet title. *Id*. at ¶¶ 40–71. Plaintiff requested monetary damages, full and immediate possession of the property, and a declaratory judgment that Sands Capital's mortgage is either invalid or subordinate to plaintiff's rights in the property. *Id*. at ¶¶ 45, 52, 56, 67–68. BHG filed two counterclaims against plaintiff, seeking a constructive trust on fifty percent of the property and monetary damages for improvements made to the property. *See* Not. of Removal 2 (Dkt. #1). Sands Capital also filed counterclaims, seeking declaratory judgments that its mortgage is valid and superior to plaintiff's rights in the property and that it is entitled to commence a foreclosure action. *See id*. at 2–3.

In February 2022, plaintiff filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. *See In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.). Plaintiff asserts that it "owns the Property as its only asset" and that it "filed this case due to [the] ongoing dispute with [BHG]," which allegedly "left the [plaintiff] pursuing and defending multiple litigations and scrambling to ensure it maintains possession of the Property." Decl. of Esther Green ¶ 6, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.) (Dkt. #7). Plaintiff then removed the state-court action to federal court, asserting that the claims "arise in and/or are related to a Chapter 11 bankruptcy case pending in the Bankruptcy Court." Not. of Removal 3; *see* 28 U.S.C. §§ 1334(b), 1452(a).

Defendants move to remand. *See* Letter Mot. to Remand by Sands Capital ("Sands Capital Mot.") (Dkt. #10); Letter Mot. to Remand by BHG and Lazar Waldman ("BHG Mot.") (Dkt. #13). They argue that the claims in this action are merely "related to" plaintiff's bankruptcy proceeding and that abstention is mandatory under 28 U.S.C. § 1334(c)(2). Defendants also argue that if

abstention is not required, the Court should permissively abstain under 28 U.S.C. § 1334(c)(1) or equitably remand the case under 28 U.S.C. § 1452(b).  Sands Capital Mot. 1–3; BHG Mot. 2–3.

Defendants have since filed proofs of claim in the bankruptcy proceeding.  *See* Proofs of Claim Nos. 12, 13, 15-2, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.).  BHG and Waldman assert, as they do in this action, that the "lease operates as an equitable mortgage" and that they are entitled "to all construction costs and expenses to develop the Property."  BHG and Waldman Proof of Claim 4–5, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. #43-5).  Sands Capital also filed a proof of claim relating to its mortgage, and it attached its counterclaims as an appendix in support of that claim.  Sands Capital Proof of Claim 4–26, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. #59-11).  Plaintiff objected to each defendant's proof of claim.  Fifteen other creditors have filed proofs of claim in the bankruptcy action, and plaintiff has not yet filed a Chapter 11 plan.  *See generally In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.).

## DISCUSSION

Defendants' motions are denied.  Mandatory abstention is improper because this action involves a "core" bankruptcy proceeding, and I decline to exercise my discretion to permissively abstain or equitably remand this action.

## I.    Mandatory Abstention Is Improper Because This Action Involves a Core Bankruptcy Proceeding

Defendants' requests for mandatory abstention are denied.  District courts have jurisdiction over cases "arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  A party may generally remove any action that falls within the scope of this jurisdiction.  *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 444–45 (2d Cir. 2005); *see* 28 U.S.C.

3

§ 1452(a).  However, district courts are required to abstain from hearing "non-core" bankruptcy proceedings under certain circumstances.  The abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  "[W]here a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable."  *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002).

Proceedings that arise under the Bankruptcy Code or that arise in a bankruptcy case are "core" bankruptcy proceedings.  *In re Robert Plan Corp.*, 777 F.3d 594, 596 (2d Cir. 2015).  These "include, but are not limited to . . . matters concerning the administration of the estate," "counterclaims by the estate against persons filing claims against the estate," "determinations of the validity, extent, or priority of liens," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship."  28 U.S.C. § 157(b)(2)(A), (C), (K), (O).

"[T]he Second Circuit [has] rejected" defendants' position "that core proceedings are limited to proceedings that are based on the Bankruptcy Code or that can arise only in the context of a bankruptcy case."  *In re Ames Dept. Stores, Inc.*, No. 06-CV-5394 (BSJ) (THK), 2008 WL 7542200, at *8 (S.D.N.Y. June 4, 2008) (citing *In re Ben Cooper, Inc*., 896 F.2d 1394, 1400 (2d Cir. 1990)), *aff'd*, 319 F. App'x 40 (2d Cir. 2009); *see* BHG Mot. 1; Sands Capital Mot. 2.  Instead, the Second Circuit has held that contract disputes—such as the one presented here—can be core proceedings, depending on "(1) whether the contract is antecedent to the reorganization petition;

4

and (2) the degree to which the proceeding is independent of the reorganization." *Mt. McKinley*, 399 F.3d at 448 (quoting *In re U.S. Lines*, 197 F.3d 631, 637 (2d Cir. 1999)). While disputes over a debtor's pre-petition contracts do not qualify as core proceedings as a matter of course, under the second factor, "they may nevertheless qualify as core proceedings based on the impact these contracts have on other core bankruptcy functions." *U.S. Lines*, 197 F.3d at 637.

This action involves a core bankruptcy proceeding because of its effect on core bankruptcy functions. *See id.* at 638. The debtor's only asset is the property at issue in this contract dispute. *See* Decl. of Esther Green ¶ 6, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.). BHG and Waldman assert that they are entitled to at least fifty percent ownership in the disputed property, and Sands Capital seeks a declaratory judgment that its mortgage supersedes plaintiff's rights in the property and that it is entitled to commence a foreclosure action. *See* Not. of Removal 2–3. Resolution of this action therefore directly affects the core bankruptcy functions of administering assets in the bankruptcy estate and determining the validity and priority of liens. *See* 28 U.S.C. § 157(b)(2)(A), (K); *cf. U.S. Lines*, 197 F.3d at 638 (concluding that a dispute over pre-petition contracts was a core proceeding because of "the impact these contracts have on other core bankruptcy functions," in part because the contracts at issue were potentially the debtor's "most important asset," and the contractual dispute was therefore "bound to have a significant impact on the administration of the estate").

Moreover, the disputes in this proceeding parallel the disputes underlying proofs of claim that defendants have filed in the bankruptcy court. *See* Debtor's Objections to Proofs of Claim, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. ##43, 59). Accordingly, this action's resolution will directly affect the bankruptcy court's core functions. *See* 28 U.S.C. § 157(b)(2)(C) (defining core proceedings to include "counterclaims by the estate against persons

5

filing claims against the estate"); *Ames Dept. Stores, Inc.*, 319 F. App'x at 41 ("[T]his Court has concluded that a dispute which 'involve[s] an issue already before the bankruptcy court as part of its consideration of [one party's] claim against the estate' affects a core bankruptcy function.") (citation omitted); *In re Strathmore Grp., LLC*, 522 B.R. 447, 454 (Bankr. E.D.N.Y. 2014) ("This Court has core jurisdiction to consider the state law issues in the . . . proceedings, because their resolution will form the basis of this Court's determination, under bankruptcy law, whether the Building is property of a bankruptcy estate and whether [a creditor] has an allowed proof of claim against [the debtor].").

Because the claims in this action are core, mandatory abstention is improper.  *See* 28 U.S.C. § 1334(c)(2); *Petrie Retail, Inc.*, 304 F.3d at 232.  I therefore decline to address whether the other factors in Section 1334(c)(2) are satisfied.

## II.    Permissive Abstention and Equitable Remand Are Unwarranted

Defendants' requests for permissive abstention and equitable remand are denied.  District courts are permitted under certain circumstances to abstain from hearing or to equitably remand an action to state court, regardless of whether it involves core bankruptcy claims.  *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."); *id.* § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.").  However, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and defendants bear the burden of establishing that permissive abstention or equitable remand is warranted, *CAMOFI Master LDC v. U.S. Coal Corp.*, 527 B.R. 138, 143 (Bankr. S.D.N.Y. 2015) (collecting cases).

In deciding whether to permissively abstain from hearing a proceeding, courts consider the following factors:

(1)  the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention,
(2)  the extent to which state law issues predominate over bankruptcy issues,
(3)  the difficulty or unsettled nature of the applicable state law,
(4)  the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5)  the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6)  the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7)  the substance rather than form of an asserted 'core' proceeding,
(8)  the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9)  the burden o[n] [the court's] docket,
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping,
(11) the existence of a right to a jury trial, and
(12) the presence in the proceeding of nondebtor parties.

*Libertas Funding, LLC v. ACM Dev., LLC*, No, 22-CV-787 (HG) (MMH), 2022 WL 6036559, at

*3 (E.D.N.Y. Oct. 7, 2022) (citation omitted).  Courts consider a slightly shorter list of factors

when assessing equitable remand, but "[t]he criteria . . . are essentially the same and are often

analyzed together."[*]  *Ibid*. (citation and quotation marks omitted).  "The analysis 'is not a

mechanical or mathematical exercise' and the court 'need not plod through a discussion of each

factor.'"  *In re Tronix*, 603 B.R. 712, 726 (Bankr. S.D.N.Y. 2019) (citation omitted).

The first, sixth, and seventh factors weigh heavily against permissive abstention.  As

discussed above, this action involves issues that are central to plaintiff's bankruptcy proceeding.

*See* pp. 5–6, *supra*.  Defendants have filed proofs of claim mirroring their counterclaims in this

---

[*] Those factors are: "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed [parties]."  *Ibid*.

action, and plaintiff has objected. *See* Debtor's Objections to Proofs of Claim, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.). The bankruptcy court must therefore determine whether to sustain plaintiff's objections, which requires the resolution of the issues in this action. And because the parties' dispute concerns the ownership of plaintiff's sole asset, the bankruptcy estate cannot be efficiently administered until this action is resolved. This action is thus inextricably intertwined with the bankruptcy proceeding, and abstention would both waste judicial resources and cause delay.

By contrast, the second and fifth factors weigh in favor of abstention. This action contains exclusively state-law claims that were filed before plaintiff applied for bankruptcy, and Section 1334 is the only basis for federal jurisdiction. *See* Compl. ¶¶ 40–71; Not. of Removal 2–3. However, "the bankruptcy judges in this district, and the district judges here, address matters of state law on a regular basis," and the state-law issues in this action do not appear to be particularly novel, complex, or unsettled. *In re Adelphia Comms. Corp.*, 285 B.R. 127, 145 (Bankr. S.D.N.Y. 2002).

The remaining factors do not weigh strongly in favor of abstention or referral. Because courts have a "virtually unflagging obligation" to exercise jurisdiction, *Colo. River Water Conservation Dist.*, 424 U.S. at 817, and permissive abstention should be exercised only "sparingly" in "narrow circumstances," *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011); *In re Residential Cap., LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014), I decline to abstain from hearing this proceeding. And for substantially the same reasons, I decline to equitably remand this action. *See Libertas*, 2022 WL 6036559, at *3.

**CONCLUSION**

Defendants' motions to remand are denied.  Pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012, this action is referred to the Bankruptcy Court for the Eastern District of New York in connection with *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 22, 2023
        Brooklyn, New York

Query    Reports    Utilities    Help    What's New    Log Out

ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:22-cv-01047-RPK-VMS

1325 Atlantic Realty LLC v. Brooklyn Hospitality Group LLC et al

Assigned to: Judge Rachel P. Kovner

Referred to: Magistrate Judge Vera M. Scanlon

Demand: $84,606,000

Case in other court:  Supreme Court of the State of New York, Kings Co., 524178/2021

Cause: 28:1441 Notice of Removal

Date Filed: 02/27/2022

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Federal Question

## Plaintiff

**1325 Atlantic Realty LLC**                 represented by   **Michael L. Levine**
Levine & Associates, P.C.
15 Barclay Road
Scarsdale, NY 10583
914-600-4288
Fax: 914-725-4778
Email: ml@levlaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Brooklyn Hospitality Group LLC**           represented by   **Kevin J. Nash**
Goldberg Weprin Finkel Goldstein LLP
125 Park Avenue, 12th Floor
New York, NY 10017
212-301-6944
Fax: 212-221-6532
Email: kjnash@gwfglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Ted Donovan**
Goldberg Weprin Finkel Goldstein LLP
Goldberg Weprin Finkel Goldstein LLC
125 Park Avenue
Ste 12th Floor
New York, NY 10017
212-221-5700

Fax: 212-221-6532
Email: tdonovan@finkgold.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lazar Waldman**                    represented by  **Kevin J. Nash**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joseph Ted Donovan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Sands Capital Group LLC**

**Defendant**

**SANDS CAPITAL LLC**                represented by  **Michael T. Sucher**
                                                    Michael T. Sucher, Esq.
                                                    PO Box 1709
                                                    Sag Harbor, NY 11963
                                                    718-522-1995
                                                    Email: nylawyer@aol.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2022 | 1 | NOTICE OF REMOVAL by 1325 Atlantic Realty LLC from Supreme Court, Kings County, case number 524178/2021. ( Filing fee $ 402 receipt number ANYEDC-15326159) (Levine, Michael) (Entered: 02/27/2022) |
| 02/27/2022 | 2 | Corporate Disclosure Statement by 1325 Atlantic Realty LLC identifying Corporate Parent Green 20 LLC for 1325 Atlantic Realty LLC. (Levine, Michael) (Entered: 02/27/2022) |
| 02/27/2022 | 3 | Corporate Disclosure Statement by 1325 Atlantic Realty LLC identifying Corporate Parent Green 20 LLC for 1325 Atlantic Realty LLC. (Levine, Michael) (Entered: 02/27/2022) |
| 02/28/2022 | | Notice: Re: Civil Cover Sheet. The Clerk's Office cannot assign this case without a completed Civil Cover Sheet. All questions *** INCLUDING the CERTIFICATION OF ARBITRATION ELIGIBILITY*** section on the second page needs to be answered. Please submit Civil Cover Sheet. (Bowens, Priscilla) (Entered: 02/28/2022) |
| 02/28/2022 | 4 | Civil Cover Sheet.. by 1325 Atlantic Realty LLC (Levine, Michael) (Entered: 02/28/2022) |
| 02/28/2022 | | Case Assigned to Judge Rachel P. Kovner and Magistrate Judge Vera M. Scanlon. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where |

| | | |
|---|---|---|
| | | their Individual Practices require such. (Bowens, Priscilla) (Entered: 02/28/2022) |
| 02/28/2022 | 5 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent <u>unless</u> all parties have signed the consent.** (Bowens, Priscilla) (Entered: 02/28/2022) |
| 02/28/2022 | 6 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Entered: 02/28/2022) |
| 02/28/2022 | | This case has been opened in the Eastern District of New York. If you plan to continue representing your client(s), you must be admitted to practice before this court. You must do so by applying for Pro Hac Vice or permanent admission. To apply for Pro Hac Vice admission, you must first register for an ECF login and password. Please visit the Court's website at www.nyed.uscourts.gov/attorney-admissions for guidance. Once registered, you must electronically file a Motion to Appear Pro Hac Vice. You must pay the required pro hac vice fee online. (Bowens, Priscilla) (Entered: 02/28/2022) |
| 02/28/2022 | | Notice of Related Case: **The Civil Cover Sheet filed in this civil action indicates a related case.** (Bowens, Priscilla) (Entered: 02/28/2022) |
| 03/01/2022 | 7 | SCHEDULING ORDER: A Telephonic Initial Conference is scheduled for 6/30/2022 at 12:00 PM before Magistrate Judge Vera M. Scanlon. before Magistrate Judge Vera M. Scanlon. The parties are to call 877-336-1829 and type in the access code 3581283 for the AT&T conference bridge. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. The parties must complete the attached Joint Proposed Case Management Plan (CMP) and file it on ECF no later than 6/14/2022. In the event that any Defendant(s) has not answered or otherwise appeared, Plaintiff(s) must also mail a copy of this Order, its attachment and the full docket to the last known mailing address(es) for such Defendant(s) and file proof on ECF by the CMP filing date. Ordered by Magistrate Judge Vera M. Scanlon on 3/1/2022. (Quinlan, Krista). (Entered: 03/01/2022) |

| 03/02/2022 | | ORDER TO SHOW CAUSE: Plaintiff has removed this case based on allegations that the claims asserted in this action either arise under or are related to pending Chapter 11 proceedings. Per 28 U.S.C. § 157(a) and the Eastern District of New Yorks Standing Order dated August 28, 1986, all cases arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges for the Eastern District of New York. See Standing Orders of Reference dated August 28, 1986 and December 5, 2012.<br><br>Accordingly, if defendants oppose removal, defendants shall file letters of not more than three pages indicating why the exercise of jurisdiction is not appropriate by 4/1/2022. Otherwise, the case shall be referred to the Bankruptcy Court for the Eastern District of New York. Ordered by Judge Rachel P. Kovner on 3/2/2022. (Daus, Benjamin) Modified on 4/8/2022 (Herrera, Isaiah). (Entered: 03/02/2022) |
| 03/09/2022 | | SCHEDULING ORDER: To clarify, debtor 1325 Atlantic Realty LLC removed this action. Therefore, if Brooklyn Hospitality Group LLC, Lazar Waldman, and Sands Capital Group LLC oppose removal, they shall file a letter of not more than three pages indicating why the exercise of jurisdiction is not appropriate by 4/1/2022. Ordered by Judge Rachel P. Kovner on 3/9/2022. (Daus, Benjamin) (Entered: 03/09/2022) |
| 03/29/2022 | 8 | Consent MOTION for Extension of Time to File Response/Reply as to Order, by Brooklyn Hospitality Group LLC, Lazar Waldman. (Donovan, Joseph) (Entered: 03/29/2022) |
| 03/29/2022 | | ORDER: The consent motion for an extension of time 8 is granted. The deadline is extended to 4/8/2022. Ordered by Judge Rachel P. Kovner on 3/29/2022. (Daus, Benjamin) (Entered: 03/29/2022) |
| 03/30/2022 | 9 | NOTICE of Appearance by Michael T. Sucher on behalf of SANDS CAPITAL LLC (aty to be noticed) (Sucher, Michael) (Entered: 03/30/2022) |
| 04/08/2022 | 10 | Letter MOTION to Remand to State Court by SANDS CAPITAL LLC. (Sucher, Michael) (Entered: 04/08/2022) |
| 04/08/2022 | 11 | NOTICE of Appearance by Kevin J. Nash on behalf of Brooklyn Hospitality Group LLC, Lazar Waldman (aty to be noticed) (Nash, Kevin) (Entered: 04/08/2022) |
| 04/08/2022 | 12 | Corporate Disclosure Statement by Brooklyn Hospitality Group LLC (Nash, Kevin) (Entered: 04/08/2022) |
| 04/08/2022 | 13 | Letter MOTION to Remand to State Court by Brooklyn Hospitality Group LLC, Lazar Waldman. (Nash, Kevin) (Entered: 04/08/2022) |
| 04/08/2022 | 14 | Corporate Disclosure Statement by SANDS CAPITAL LLC (Sucher, Michael) (Entered: 04/08/2022) |
| 04/08/2022 | 15 | First MOTION for Extension of Time to File Response/Reply as to 13 Letter MOTION to Remand to State Court , 10 Letter MOTION to Remand to State Court by 1325 Atlantic Realty LLC. (Levine, Michael) (Entered: 04/08/2022) |
| 04/08/2022 | | ORDER: The consent motion for an extension of time 15 is granted. Plaintiff shall file a response on or before 4/18/2022. Ordered by Judge Rachel P. Kovner on 4/8/2022. (Daus, Benjamin) (Entered: 04/08/2022) |

| 04/22/2022 | 16 | Second MOTION for Extension of Time to File *responding letter* by 1325 Atlantic Realty LLC. (Levine, Michael) (Entered: 04/22/2022) |
|---|---|---|
| 04/22/2022 | | ORDER: The motion for an extension of time 16 is granted. Plaintiff may file its letter by 5/2/2022. Ordered by Judge Rachel P. Kovner on 4/22/2022. (Daus, Benjamin) (Entered: 04/22/2022) |
| 05/02/2022 | 17 | REPLY in Opposition re 13 Letter MOTION to Remand to State Court , 10 Letter MOTION to Remand to State Court , RESPONSE in Opposition re 13 Letter MOTION to Remand to State Court , 10 Letter MOTION to Remand to State Court filed by 1325 Atlantic Realty LLC. (Levine, Michael) (Entered: 05/02/2022) |
| 06/30/2022 | | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Telephone Conference held on 6/30/2022. Michael Levine appearing for Plaintiff. See separate docket entry for conference Order. (FTR Log #12:21 - 12:25) (Dessources, Jose) (Entered: 06/30/2022) |
| 06/30/2022 | | ORDER. In light of the ongoing dispute as to whether this case will be litigated in state court or in Bankruptcy Court, there is no need at this time to enter a discovery schedule before the District Court. Should it be determined that this case will be litigated in the District Court, counsel must promptly contact the Magistrate Judges chambers to discuss whether any discovery is needed. Ordered by Magistrate Judge Vera M. Scanlon on 6/30/2022. (Dessources, Jose) (Entered: 06/30/2022) |
| 08/26/2022 | 18 | Letter *advising as to decision in related case* by 1325 Atlantic Realty LLC (Attachments: # 1 Exhibit Order of Judge Donnelly) (Levine, Michael) (Entered: 08/26/2022) |
| 03/22/2023 | 19 | MEMORANDUM AND ORDER: For the reasons stated in the attached document, defendants' 10 , 13 motions to remand are denied. Pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012, this action is referred to the Bankruptcy Court for the Eastern District of New York in connection with *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.). Ordered by Judge Rachel P. Kovner on 3/22/2023. (Miyamoto, Matthew) (Entered: 03/22/2023) |