**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                              :          Chapter 11
                                                   :
1325 ATLANTIC REALTY LLC                           :          Case No. 22-40277 (NHL)
                                                   :
                              Debtor.              :
-----------------------------------------------------------------x

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**PURSUANT TO 11 U.S.C. §§ 1125 AND 1129 AND FED. R. BANKR. P. 3017 AND 3020**
**(i) GRANTING FINAL APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT AND**
**(ii) CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION**
**OF THE DEBTOR PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

1325 Atlantic Realty LLC (the "<u>Debtor</u>"), debtor in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") having filed (i) the *First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated May 17, 2023 (together with any subsequent modifications, the "<u>Plan</u>") [Dkt. No. 142], a copy of which is annexed hereto as **<u>Exhibit A</u>**, (ii) the *First Amended Disclosure Statement for the Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 18, 2023 (together with any subsequent modifications, the "<u>Disclosure Statement</u>") [Dkt. No. 145], (iii)   the *Declaration of Esther Green Blumenfeld In Support of Entry of an Order Confirming the Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated June 22, 2023 (the "<u>Green Declaration</u>") [Dkt. No. 154]; and the Court having previously entered the *Order (I) Conditionally Approving the Disclosure Statement; (II) Approving the Form and Manner of Notices; and (III) Scheduling a Joint Hearing on Confirmation of the Plan and Final Approval of the Disclosure Statement* (the "<u>Conditional Disclosure Statement Order</u>") [Dkt. No. 149]; and a hearing pursuant to section 1128 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") to consider final approval of the Disclosure Statement and confirmation of the Plan having been held before the Bankruptcy Court on June 27, 2023 (the "<u>Confirmation</u>

Hearing") at which Tracy L. Klestadt, Esq. and Christopher J. Reilly, Esq. (Counsel to Debtor),

Michael Levine, Esq. (Special Counsel to Debtor), Kevin Nash, Esq. (Counsel to Brooklyn

Hospitality Group, LLC), Jeremy Sussman, Esq. (Office of the United States Trustee), Esther

Green-Blumenfeld (Debtor's Principal), and Lazar Waldman (Creditor - Brooklyn Hospitality

Group LLC) appeared, after due notice to holders of Claims[1] and Interests against the Debtor, and

to other parties in interest, in accordance with the Conditional Disclosure Statement Order, the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the

Bankruptcy Court having considered the Plan, the Disclosure Statement, the Green Declaration,

the Memorandum of Law, and other papers in support of the Plan; and the appearances of all

interested parties having been noted on the record of the Confirmation Hearing; and the

Bankruptcy Court having considered all of the evidence adduced and arguments of counsel at the

Confirmation Hearing, and all of the proceedings had before this Court; and upon the record of the

Confirmation Hearing, the Bankruptcy Court having found and determined that the Plan is in the

best interests of the Debtor, its Estate, and holders of Claims and Interests, and that it should be

confirmed as reflected by this Court's rulings made herein and at the Confirmation Hearing; and

after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS,

DETERMINES, AND CONCLUDES that:

## **FINDINGS AND CONCLUSIONS**

The findings and conclusions set forth herein constitute the Bankruptcy Court's findings

of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this

proceeding pursuant to Fed. R. Bankr. P. 9014.  To the extent any of the following findings of fact

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

constitute conclusions of law, they are adopted as such.   To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>

This Court has jurisdiction over this Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  Venue of this Chapter 11 Case is properly in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.  The Debtor is properly a debtor under section 109 of the Bankruptcy Code.  The Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

B.    <u>Commencement of Case</u>

On February 16, 2022 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code commencing the above-referenced Chapter 11 Case in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>" or this "<u>Court</u>").

C.    <u>Burden of Proof</u>

The Debtor, as plan proponent, has the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

D.    <u>Judicial Notice.</u>

The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and order entered therein.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case.

E.    <u>Solicitation and Notice</u>

Pursuant to the Conditional Disclosure Statement Order, the Debtor was not required to solicit votes in this Chapter 11 Case as no Classes of Claims were impaired under the terms of the Plan. However, the Debtor still ensured adequate notice of the Confirmation Hearing by mailing all parties entitled to notice a package containing the Confirmation Hearing Notice (as defined in the Approval Motion). <u>See</u> Declaration of Service of Lily Nevins-Perle, sworn to on May 22, 2023 [Dkt. No. 150] (collectively, the "<u>Confirmation Package</u>") by the means authorized and approved by the Conditional Disclosure Statement Order.   Transmittal and service of the Confirmation Package to all parties entitled to notice was adequate and sufficient, and no other or further notice is or shall be required.

F.    <u>Voting</u>

As evidenced by the Green Declaration, no votes were solicited in this Chapter 11 Case as no parties were impaired under the terms of the Plan. All Classes of Claims were deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

G.    <u>All Classes of Claims are Unimpaired and Conclusively Presumed to Have Accepted the Plan</u>

Classes 1, 2 & 3, Mechanic's Lien Claims, General Unsecured Claims and Equity Interests are not Impaired and have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

H.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>

The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

I.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>

In addition to the Administrative Expense Claims, the Professional Fee Claims, Property Tax Claims and Priority Tax Claims, (collectively, the "<u>Unclassified Claims</u>"), which need not be

designated pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates three (3) classes of Claims and Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class.  Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

J.     <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>

Article 3 of the Plan specifies that Classes 1, 2 and 3 are not Impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

K.     <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>

No Classes of Claims are Impaired under the terms of the Plan.  Therefore section 1123(a)(3) of the Bankruptcy Code is not applicable.

L.     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>

The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

M.     <u>Implementation of Plan and Sale of Property (11 U.S.C. § 1123(a)(5))</u>

Article 5 of the Plan provides adequate and proper means for the Plan's implementation, including closing of the proposed sale (the "<u>Sale</u>") of real property located at 1325-1339 Atlantic Ave., Brooklyn, New York subject to the Leasehold Interest[2] in the same (the "<u>Property</u>") to Lazar Waldman's designee known as 1325 Atlantic Owner, LLC ("<u>1325 Owner</u>").  The Debtor is authorized to implement the Plan in accordance with its terms.

---

[2] The term "<u>Leasehold Interest</u>", means all of BHG's right title and interest in and to the Lease (defined below) and the Property pursuant to the Lease.

The Debtor is authorized to structure the Property Sale pursuant to the terms of the Sale and Purchase Agreement so that it qualifies under the exchange provisions of Section 1031 of the Internal Revenue Code of 1986, as amended (a "Like-Kind Exchange"). 1325 Owner agrees to cooperate with Debtor by taking such reasonable and customary actions as are required to effectuate such a Like-Kind Exchange, including but not limited to (i) the execution of any and all documents, either in customary form used by a qualified intermediary, or, subject to the reasonable approval of 1325 Owner's counsel, as are requested in connection therewith; and (ii) the use of a qualified intermediary.

N.    Charter of Debtor (11 U.S.C. § 1123(a)(6))

The Debtor is a limited liability company; however, no equity securities or other membership interests are being issued pursuant to the Plan, and therefore, section 1123(a)(6) of the Bankruptcy Code is not applicable.

O.    Selection of Trustees, Member and Manager (11 U.S.C. § 1123(a)(7))

The Plan does not provide for the selection of trustees, members or managers, therefore, section 1123(a)(7) of the Bankruptcy Code is not applicable.

P.    Payment to Creditors from Personal Services (11 U.S.C. § 1123(a)(8))

The Debtor is not an individual; therefore, section 1123(a)(8) of the Bankruptcy Code is not applicable.

Q.    Additional Plan Provisions (11 U.S.C. § 1123(b))

The Plan's discretionary provisions are appropriate and are not inconsistent with the Bankruptcy Code.

R.    Sale of Individual Property (11 U.S.C. § 1123(c))

The Debtor is not an individual; therefore, section 1123(c) of the Bankruptcy Code is not applicable.

S.      <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>

To the extent that any defaults are cured, the cure amounts will be determined by any underlying agreement and applicable nonbankruptcy law.

T.      <u>Plan Compliance with Bankruptcy Rule 3016(a)</u>

The Plan is dated and identifies the entity submitting the Plan as the Debtor, thereby satisfying Bankruptcy Rule 3016(a).

U.      <u>The Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>

The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

a)      The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

b)      The Court has jurisdiction over the Debtor's Chapter 11 Case;

c)      Venue of this Chapter 11 Case is proper in this district pursuant to 28 U.S.C. § 1408;

d)      The Debtor is a proper proponent of the Plan pursuant to section 1121(a) of the Bankruptcy Code; and

e)      The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in all respects, and with the Conditional Disclosure Statement Order with respect to transmitting the Plan and the Disclosure Statement and related documents seeking approval of the Plan.

V.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>

The Debtor has proposed the Plan (including all other documents necessary to effectuate the Plan) in good faith, to wit, to maximize the value of the Debtor's estate, and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

W.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))

The Plan provides that any payment made or to be made by the Debtor's estate for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court, as reasonable.  Accordingly, section 1129(a)(4) of the Bankruptcy Code is satisfied.

X.    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))

The Plan contemplates and discloses that Esther Green-Blumenfeld, the Debtor's current managing member, will continue in that role while the Debtor is liquidated.  The Court is satisfied that such appointments is consistent with the interests of creditors and is consistent with public policy and therefore sections 1129(a)(5)(A)(i) and 1129(a)(5)(A)(ii) of the Bankruptcy Code are satisfied. As a party in control of the Debtor, Esther-Green Blumenfeld may be an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code. The disclosures in Green Declaration satisfy the disclosure requirements of section 1129(a)(5)(B) of the Bankruptcy Code.

Y.    No Rate Changes (11 U.S.C. § 1129(a)(6))

Section 1129(a)(6) of the Bankruptcy Code is not applicable because no governmental regulatory commission has jurisdiction over the Debtor's rates or any change thereof.

Z.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7))

Section 1129(a)(7) of the Bankruptcy Code is not applicable as there are no Impaired Classes of Claims and all Classes of Claims are deemed to have accepted the Plan.

AA.    Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8))

None of the Claims are Impaired under the terms of the Plan. Therefore section 1129(a)(8) is not applicable.

BB.   Treatment of Administrative, Priority Non-Tax Claims Property Tax Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))

The treatment of Administrative Expense Claims and Professional Fee Claims pursuant to section 2.1(a) and (d), respectively, of the Plan, complies with section 1129(a)(9)(A) of the Bankruptcy Code because the Plan provides for all Allowed Administrative Expense Claims (i.e., claims arising under sections 507(a)(2) and 507(a)(3) of the Bankruptcy Code) to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Administrative Expense Claim or Allowed Professional Fee Claim, as applicable, or upon such other terms as may be agreed to by the holder of such Allowed Administrative Expense Claim or Allowed Professional Fee Claim, as applicable; or (b) such lesser amount as the holder of such Allowed Administrative Expense Claim or Allowed Professional Fee Claim might otherwise agree.

The treatment of Property and Priority Tax Claims under section 2.1(b) and (c) of the Plan complies with section 1129(a)(9)(C) of the Bankruptcy Code because the Plan provides that all Allowed Property and Priority Tax Claims (i.e., claims arising under sections 507(a)(8) of the Bankruptcy Code), are the responsibility of the BHG Claimants under the terms of the Lease[3] and shall be satisfied in full by the BHG Claimants under the terms of the BHG Settlement Agreement on or before the Effective Date. Property and Priority Tax Claims are not Impaired by the Plan.

CC.   Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10))

No Classes of Claims are Impaired under the terms of the Plan. Therefore section 1129(a)(10) of the Bankruptcy Code is not applicable.

---

[3] "Lease" means that certain Agreement of Lease, dated as of August 4, 2017 and amended as of April 1, 2019, by and between BHG, as tenant, and Debtor, as landlord.

DD.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>

The feasibility requirement of section 1129(a)(11) of the Bankruptcy Code is not applicable, because the Plan provides for the liquidation of the Debtor's estate for the benefit of creditors that hold Claims and Interests against the Debtor. Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

EE.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>

The Plan provides that all fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid, on the Effective Date, and thereafter as may be required until entry of a final decree with respect to the Debtor, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

FF.    <u>Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>

The Debtor has no obligation to provide any retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

GG.    <u>Domestic Support Obligations (11 U.S.C. § 1129 (a)(14))</u>

The Debtor is not required to pay any domestic support obligations; therefore, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Debtor.

HH.    <u>Payment of Disposable Income (11 U.S.C. § 1129(a)(15))</u>

The Debtor is not an individual; therefore, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

II.    <u>Transfer of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16))</u>

The Debtor is a for profit entity; therefore, section 1129(a)(16) of the Bankruptcy Code is not applicable to the Plan.

JJ.    <u>Plan Does Not Discriminate Unfairly and Fair and Equitable (11 U.S.C. §1129(b))</u>

There are no impaired Classes of Claims under the Plan, as such section 1129(b) of the Bankruptcy Code is not applicable**.**

KK.    <u>Confirmation of One Plan.</u>

The Plan is the only plan filed in this Chapter 11 Case.  Accordingly, section 1129(c) of the Bankruptcy Code is not applicable.

LL.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e)).  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

MM.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>

The exculpation provisions set forth in section 8.2 of the Plan are consistent with section 1125(e) of the Bankruptcy Code because they are limited to the extent permitted by that section of the Bankruptcy Code.

NN.    <u>Rejection of Contracts and Leases</u>

The Plan's treatment regarding the rejection of executory contracts and unexpired leases, excluding the Lease, in Article 6 of the Plan is in compliance with the requirements of sections 365(b) and 1123(b)(2) of the Bankruptcy Code and is a reasonable exercise of sound business judgment, and in each case is in the best interests of the Debtor and the Estate.

OO.    <u>Injunctions and Exculpations</u>

Each of the injunction provisions set forth in section 8.1 of the Plan and the exculpations set forth in section 8.2 of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334, (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (iii) confers a material benefit on, and is in the best interests of, the Debtor, its

Estate and its Creditors, (iv) is important to the overall objectives of the Plan and (v) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

PP.    <u>Property Sale Authorized as Part of the Plan.</u>

The Debtor's proposed Sale of the Property in accordance with the terms of the Plan and otherwise pursuant to that certain the BHG Settlement Agreement and attached to the Plan as Exhibit A, by and among the Debtor, on the one hand, and 1325 Owner on the other, is integral to the implementation and consummation of the Plan.  The BHG Settlement provides for the transfer of title upon closing to 1325 Owner. The Debtor is authorized to structure the Property Sale pursuant to the terms of the Sale and Purchase Agreement, attached to the Plan as Exhibit B, so that it qualifies under the exchange provisions of Section 1031 of the Internal Revenue Code of 1986, as amended (a "<u>Like-Kind Exchange</u>").  1325 Owner agrees to reasonably cooperate with Debtor by taking such actions as are reasonably required to effectuate such a Like-Kind Exchange, including but not limited to (i) the execution of any and all documents, either in customary form used by a qualified intermediary, or, subject to the reasonable approval of Waldman's counsel, as are requested in connection therewith; and (ii) the use of a qualified intermediary.

QQ.    <u>Satisfaction of Confirmation Requirements</u>

The Plan satisfies all applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

RR.    <u>Retention of Jurisdiction</u>

The Bankruptcy Court retains jurisdiction over the matters set forth in section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Objections</u>

There were no objections timely filed in relation to the final approval of the Disclosure Statement or confirmation of the Plan.

2.    <u>Disclosure Statement</u>

The Disclosure Statement is hereby finally approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code.

3.    <u>Confirmation</u>

The Plan, in the form annexed hereto as **<u>Exhibit A</u>**, is hereby confirmed pursuant to section 1129 of the Bankruptcy Code.

4.    <u>Binding Effect</u>

The Plan and its provisions shall be binding upon the Debtor, any Person acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against the Debtor, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim of such holder is Impaired under the Plan, whether or not the Claim is Allowed, and whether or not such holder or entity has accepted the Plan.

The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

The terms and provisions of the Plan and this order shall survive and remain effective after entry of any order which may be entered closing the Chapter 11 Case, dismissing the Chapter 11 Case or converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, and

the terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

5.    <u>Approval of BHG Settlement</u>

Upon the entry of this order, the BHG Settlement Agreement attached to the Plan as Exhibit A is hereby approved.

6.    <u>Approval of Sale and Purchase Agreement</u>

Upon entry of this order, the Sale and Purchase Agreement attached to the Plan as Exhibit B is hereby approved. The Debtor is authorized to structure the Property Sale to 1325 Owner pursuant to the terms of the Sale and Purchase Agreement, attached to the Plan as Exhibit B, so that it qualifies under the exchange provisions of Section 1031 of the Internal Revenue Code of 1986, as amended (a "<u>Like-Kind Exchange</u>").  1325 Owner agrees to cooperate with Debtor by taking such actions as are reasonably required to effectuate such a Like-Kind Exchange, including but not limited to (i) the execution of any and all documents, either in customary form used by a qualified intermediary, or, subject to the reasonable approval of 1325 Owner's counsel, as are requested in connection therewith; and (ii) the use of a qualified intermediary.

7.    <u>Transfer Taxes (11 U.S.C. § 1146(a))</u>

To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under the Plan as confirmed by the Court, shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without

the payment of any such tax or governmental assessment. Accordingly, the Debtor's issuance of a deed to 1325 Owner and 1325 Owner's mortgage to fund the purchase price and consummate the Plan shall be exempt from the payment of State and City transfer, deed and mortgage recording taxes.

8.      <u>Good Faith Purchaser</u>

The Sale and Purchase Agreement was negotiated, proposed and entered into by the Debtor and 1325 Owner without collusion, in good faith and from arm's-length bargaining positions. 1325 Owner is not an "insider" of the Debtor as that term is defined in Bankruptcy Code section 101(31). Neither the Debtor nor 1325 Owner have engaged in any conduct that would cause or permit the Sale and Purchase Agreement to be avoided.

9.      <u>Substantial Consummation of Plan</u>

Upon the occurrence of the Effective Date, the Plan shall have been substantially consummated within the meaning of section 1101 of the Bankruptcy Code.

10.      <u>Dissolution of Debtor</u>

Upon entry of an order closing the Chapter 11 Case, the Debtor shall be deemed dissolved for all purposes.

11.      <u>Distributions</u>

The Debtor shall make Distributions on account of Administrative Expense Claims, Professional Fee Claims, Holders of Allowed General Unsecured Claims and Equity Interests in the order of their priority in accordance with Article 4 of the Plan.

12.      <u>Administrative Reserve</u>

On or before the Effective Date, the Debtor shall establish and maintain the Administrative Reserve as required by and in accordance with the Plan.

13.    <u>Disputed Claims Reserve</u>

On or before the Effective Date, the Debtor shall establish and maintain the Disputed Claims Reserve as required by and in accordance with the Plan.  The Disputed Claims Reserve shall be treated as a disputed ownership fund, within the meaning of Treasury Regulation section 1.468B-9, for all purposes associated with taxation.

14.    <u>Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>

Any and all prepetition executory contracts and unexpired leases (not otherwise previously rejected or the subject of a motion to reject pending on the Effective Date), with the exception of the Lease, are deemed rejected by the Debtor as of the Effective Date.  Any party asserting damages for such rejection shall file a Proof of Claim for such damages within thirty (30) days from mailing of notice of the Effective Date (the "<u>Rejection Damages Bar Date</u>").  Failure to timely file a Proof of Claim by such date constitutes a waiver of any Claim in connection with the rejection of such contract or lease.

15.    <u>Preservation of Insurance</u>

The Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtor, its employees, officers, directors or any other Person.  Likewise, the Plan and this order shall not impair any insurance carrier's rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights of the Debtor or the carriers.

16.    <u>Governmental Approvals Not Required</u>

This order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the

Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

17.    <u>Administrative Expense Claims</u>

Persons asserting an Administrative Expense Claim must file a request for payment of such Administrative Expense Claim on or before 5:00 p.m. prevailing Eastern Time on the date that is 30 days after notice of the Effective Date has been mailed (the "<u>Administrative Expense Claims Bar Date</u>").

18.    <u>Injunctions</u>

As set forth in Article 8 of the Plan and this Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including section 1141 thereof, upon the entry of this order, and provided that the Effective Date occurs, and at all times on and after the Effective Date, all Persons that have held, currently hold or may hold a claim or other debt or liability against the Debtor or its Estate, are permanently enjoined from (a) commencing or continuing any judicial or administrative proceeding or employing any process against the Debtor, or the Estate with the intent or effect of interfering with the consummation and implementation of the Plan and the transfers, payments and Distributions to be made thereunder; and from the (b) (i) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order; (ii) the creation, perfection or enforcement of any encumbrance of any kind; and/or (iii) the assertion of any right of setoff, counterclaim, exculpation, or subrogation, in each case against the Debtor or the Estate, to the fullest extent authorized or provided by the Bankruptcy Code, *provided*, *however*, nothing in Article 8 of the Plan shall prohibit any Person from taking actions to enforce any rights or obligations under or in connection with the terms of the Plan, or this Confirmation Order; *and provided further*, *however*, nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and

local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtor, nor shall anything in this order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Debtor for any liability whatsoever, including without limitation any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority.

19.    <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent</u>

The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

20.    <u>Automatic Stay</u>

The automatic stay provided for under section 362 of the Bankruptcy Code shall remain in effect until the Effective Date.

21.    <u>Notice of Entry of Confirmation Order</u>

Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the entry of this order, the Debtor shall electronically file with the Court and serve notice of entry of this order by causing notice of entry of this order, occurrence of confirmation of the Plan in substantially the same form as attached hereto as **<u>Exhibit B</u>** (the "<u>Notice of Confirmation</u>"), to be delivered to (i) all known holders of Claims, (ii) all known non-Debtor counterparties to executory contracts and unexpired leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all known parties in interest by first-class mail, postage prepaid. The notice described herein is

adequate and no other or further notice is necessary.   The form of Notice of Confirmation substantially in the form annexed hereto as **Exhibit B** is approved.

22.    Notice of Effective Date of the Plan

The Debtor shall file and serve a notice of Effective Date of the Plan, listing the date on which the Effective Date occurs, and setting forth the Rejection Damages Bar Date and the Administrative Expense Claims Bar Date, within five (5) business days after the Effective Date.

23.    Retention of Jurisdiction

Following the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case to the maximum extent legally permissible, including, without limitation, for the following purposes:

(a) to hear and determine any and all objections to the allowance of any Claim, or any controversy as to the classification of Claims or any matters which may directly, indirectly or contingently affect the obligations of the Debtor, as applicable, to any Creditors, holders of Claims, or other parties in interest;

(b) to hear and determine any and all applications for compensation and reimbursement of expenses by Professionals;

(c) to hear and determine any and all pending motions for the assumption or rejection of executory contracts and unexpired leases, and to fix any Claims resulting therefrom;

(d) to adjudicate through final judgment such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court, including, but not limited to, the Causes of Action. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction to hear and determine compromises and settlements of any and all Causes of Action;

(e) to enforce and interpret the provisions of the Plan, and this Confirmation Order;

(g) to issue any injunction or other relief appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or pursuant to the Confirmation Order;

(h) to modify the Plan pursuant to section 1127 of the Bankruptcy Code and applicable Bankruptcy Rules;

(i) to correct any defect, cure any omission, or reconcile any inconsistency in the Plan and the Confirmation Order as may be necessary to carry out the purposes and the intent of the Plan;

(j) to interpret and determine such other matters as the Confirmation Order may provide for, or as may be authorized under the Bankruptcy Code; and

(k) to enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified or vacated.

24.    <u>Post-Confirmation Requirements</u>

The Debtor shall continue filing monthly operating reports through the Effective Date, including filing any reports that were due and outstanding as of the date of this order. After the Effective Date of the Plan, the Debtor shall file post-confirmation reports, in compliance with the forms promulgated by the U.S. Trustee in line with "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11, 85 FR 82905 (2020)," on or before the twentieth (20th) day after the conclusion of each relevant reporting quarter following the Effective Date, until entry of a final decree or until conversion or dismissal of the Chapter 11 Case.

25.    <u>U.S. Trustee Fees</u>

The Debtor shall pay all fees that are or will become due to the U.S. Trustee under 28 U.S.C. §1930, plus all applicable interest thereon, for all quarters from the Petition Date through

entry of a final decree or until conversion or dismissal of this Chapter 11 Case. To the extent the estate(s) funds are insufficient to pay any U.S. Trustee fees, they shall be paid by the proponent of the Plan.

26.     Applicable Non-Bankruptcy Law

Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this order, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

27.     Validity and Enforceability

Each term and provision of the Plan is valid and enforceable pursuant to its terms.

28.     Further Actions; Implementation

The Debtor is authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other or further actions as may be necessary to effectuate or further evidence the terms and conditions of the Plan.

29.     Conflicts between Confirmation Order and Plan

In the event of a conflict between the terms of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the terms of the Plan shall control over any such documents.  In the event of a conflict between the terms of the Plan or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control.  In the event of a conflict between the information contained in the Disclosure Statement, on the one hand, and the terms of the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the other hand, the Plan, this Confirmation Order or any

contract, instrument, release or other agreement or document entered into in connection with the Plan (as the case may be) shall control.

30.    Reference to and Validity and Enforceability of Plan Provisions

The failure to reference any particular provision of the Plan in this order shall not impair, prejudice, waive or otherwise affect the binding effect, enforceability or legality of such provisions, and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Plan and this order.  Each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

31.    Closing of the Case

The Debtor shall file an application and proposed order for a final decree pursuant to Bankruptcy Rule 3022 within fourteen (14) days following full administration of the Debtor's estate.

32.    Post-Confirmation Quarterly Status Conferences

The Debtor shall schedule quarterly post-confirmation status conferences until entry of a final decree or until conversion or dismissal of the Chapter 11 Case.

33.    Record Closed

The record of the Confirmation Hearing is hereby closed.

Dated: July 16, 2023
    Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge